**BAILEY et al. v. ALLAN E. WALKER, Inc., et al.**

(Court of Appeals of District of Columbia. Submitted October 6, 1924. Decided November 3, 1924.)

No. 965.

**1. Courts ⟨⟩169(1)—Municipal court may render judgment on tenant's undertaking, in landlord and tenant action, in an amount exceeding $1,000.**

Municipal court, having rendered judgment for landlord in landlord and tenant action, could render money judgment on tenant's undertaking executed to secure stay of execution on review of judgment by writ of error, for more than $1,000, under Act March 3, 1921, § 12, notwithstanding section 1, limiting jurisdiction to cases in which claimed value of personal property, or the debt or damages claimed, does not exceed $1,000.

**2. Statutes ⟨⟩194—Specific provisions relating to given subject prevail over general provisions relating to class of which subject is part.**

Specific provisions relating to a given subject prevail over more general ones relating to a class of which the particular subject is but a part, unless the context or some other proper basis of construction clearly shows a different legislative purpose.

**3. Landlord and tenant ⟨⟩315(4)—Validity of judgment on tenant's undertakings in landlord and tenant action not affected by erroneous inclusion in original claim of items subsequently withdrawn and not included in judgment.**

Jurisdiction of municipal court to render judgment on undertakings filed by tenant to stay execution of judgment for landlord, in landlord and tenant action, and validity of judgment rendered, *held* not affected by fact that landlord's original claim erroneously included sum for rents which had accrued before date when undertakings were executed, where items erroneously included were withdrawn and not included in judgment.

Petition for writ of prohibition by Joseph W. Bailey and another against Allan E. Walker, Inc., and others. Petition dismissed.

See, also, 53 App. D. C. 307, 290 F. 282.

M. M. Doyle, of Washington, D. C., for petitioners.

Chamberlin & Smith and Godfrey L. Munter, all of Washington, D. C., for respondents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. A petition for a writ of prohibition, directed to the municipal court of the District of Columbia and to other parties. This is an original suit, commenced in this court, wherein the petitioners seek a writ of prohibition, directed to the municipal court of the District, and to other parties, to prohibit them from proceeding with or enforcing the collection of a certain judgment for money, which has been entered against the petitioners in the municipal court, but has not yet been issued upon; the claim of the petitioners being that the court was without jurisdiction to enter the judgment in question, and consequently that it is void.

The controlling facts in the case appear without dispute. On December 20, 1921, the Allan E. Walker Company, Inc., commenced in the municipal court of the District of Columbia a landlord and tenant action against Joseph W. Bailey to recover possession of certain real estate situate within the city of Washington. Afterwards, to wit, on March 23, 1922, the court entered judgment in the action in favor of the plaintiff for the possession of the described premises. Thereupon the defendant obtained a writ of error for a review of the judgment by this court, and secured a stay of execution by filing an undertaking in the municipal court in the sum of $1,200, with the Commercial Casualty & Security Company as surety. The undertaking was duly conditioned for the payment of all intervening damages to the property in question and compensation for its use and occupation from the date of the judgment to the date of the satisfaction thereof, if the judgment should not be reversed. These conditions follow the language of the statute, and are peculiar to such cases as this. Afterwards an additional undertaking in the sum of $5,000, similarly conditioned, was filed in the case with the same surety. The proceeding in error was heard on June 4, 1923, when the judgment below was affirmed. Afterwards, to wit, on March 11, 1924, a jury was impaneled in the original case in the municipal court to determine the amount of the plaintiff's recovery upon the two undertakings according to the terms thereof, and the amount was fixed by their verdict in the sum of $3,418.18. A judgment in that sum was thereupon entered by the court against the petitioners, who were respectively the principal and surety in the undertakings. The petitioners objected and excepted to the judgment, claiming that the jurisdiction of the municipal court was expressly limited by statute to claims not exceeding $1,000 in amount, and that no judgment in excess of that amount could lawfully be entered in the case.

It appears incidentally, from certain records which are referred to in the present

case, that the petitioners shortly after the rendition of the judgment applied to this court for a writ of error to obtain a review of the same, but by reason of a miscalculation in time the application was not presented to the court within rule, and consequently no writ of error. was allowed. The validity of the present judgment upon the undertakings, therefore, has never been reviewed by this court. The petitioners are now threatened with execution of the judgment, and file their present petition in this court for a writ of prohibition to prohibit the municipal court and its officers, and also the judgment creditor, from proceeding with the collection or enforcement of the judgment, claiming as aforesaid that it is void.

[1] In answer to the contention of the petitioners we may say that in our opinion the municipal court acted within its jurisdiction when it entered the judgment in question, and that the same is not void. It is true that Congress has in general terms limited the jurisdiction of that court to cases in which the claimed value of personal property, or the debt or damages claimed, exclusive of interest or costs, does not exceed $1,000. 41 Stat. 1310, § 1. But the present issue is governed by the provisions of section 12 of the same act, which refer specifically to proceedings for the review of judgments entered in the municipal court, and provide the method of staying execution thereon during the pendency of such review. The provisions governing the latter subject read in part as follows:

"Execution of such judgment shall be stayed if the party seeking the review shall within twenty days after the entry of the judgment file in the clerk's office of the municipal court an undertaking with surety and penal amount approved by a judge of the court, to abide by and pay the judgment and the costs of the review if such judgment shall not be reversed; and, when the defendant in an action to recover possession of real estate seeks such review, the undertaking shall also provide for the payment of all intervening damages to the property sought to be recovered and compensation for its use and occupation from the date of the judgment to the date of the satisfaction thereof if the judgment is not reversed; and in all such undertakings the principal and surety shall submit to the jurisdiction of the municipal court and consent to the entry of judgment

against them in that court in respect of their undertaking." 41 Stat. 1310, § 12.

These provisions relate specifically to undertakings for the stay of execution in the municipal court, and provide the method of recovering judgment upon them in case of default. They specify no limitation as to the penal amount of the undertaking in any case, but simply require that it shall be approved by a judge of the court. They furthermore require that the principal and surety shall submit to the jurisdiction of the municipal court and consent to the entry of judgment against them in that court in respect of their undertaking. This provision likewise contains no limitation as to the penal amount of the undertakings upon which the municipal court may enter judgment, but to the contrary it applies to all such undertakings as may be given under section 12, regardless of the penal amount thereof.

[2] It is elementary in the interpretation of statutes that specific provisions relating to a given subject shall prevail over more general ones relating to a class of which the particular subject is but a part, unless the context or some other proper basis of construction clearly shows a different legislative purpose. In the present case, however, not only does the specific language of the statute apply to all such undertakings, without limitation as to their penal amount, but the legislative purpose manifested in the act clearly favors that interpretation. The act invests the municipal court with jurisdiction over landlord and tenant cases, regardless of the rental value of the real estate of which possession may be sought. The premises thus involved in given cases may have a very large rental value. It is plain that supersedeas undertakings in such cases must often exceed $1,000 in penal amount, or fall short of protecting the landlord in event his judgment be affirmed by the appellate court. Congress evidently intended that the principal and sureties in all such undertakings, regardless of amount, should be and remain subject to the jurisdiction of the court, for otherwise they might remove from this jurisdiction, and thereby compel the landlord to bring original actions upon the undertaking, perhaps in distant and widely separated jurisdictions, thus imposing great delay and expense upon him. It was to prevent this hardship that Congress required that the municipal court should retain jurisdiction over the obligors, and it is needless to say

that this reason applies with equal force whether the penal amount of the undertaking be more or less than $1,000.

The history of the legislation upon this subject sustains the foregoing view. Under earlier enactments it was provided that in actions for the recovery of possession of real estate before a justice of the peace either party might appeal from the judgment or final order of the justice to the Supreme Court of the District. No appeal was allowed unless the appellant should enter into an undertaking with sufficient surety approved by the justice to satisfy and pay whatever final judgment should be recovered in the appellate court, and agree that such judgment could be entered against the principal and sureties therein. Under the act to enlarge the jurisdiction of the municipal court (which succeeded that of the justice of the peace), this right of appeal was abolished, and a right of review by proceedings in error in this court was substituted therefor. 41 Stat. 1310, § 12. Under this act the municipal court alone is empowered to enter judgment in the original case upon such undertakings. There is no reason, however, for believing that Congress intended the latter remedy to be any less comprehensive or effective than the former one, and, since there was no jurisdictional limitation respecting the penal amount of the undertakings under the former procedure it is reasonable to believe that Congress did not intend to impose one by the latter enactment.

The present case differs from that of Wallace v. Degree, 38 App. D. C. 145, Ann. Cas. 1913C, 118, cited by the petitioners. That was an action in replevin, commenced before a justice of the peace under a statute limiting the jurisdiction of the justice's court in replevin to cases wherein the goods seized were not worth more than $300. It appears in the case that the value of the seized property was $800, and judgment was rendered in that amount by the justice against the plaintiffs and their sureties. The plaintiffs appealed to the Supreme Court of the District, giving bond with sureties for the appeal. A trial was had in the appellate court, the jury returning a verdict in the sum of $800 against the plaintiffs and the sureties upon their appeal bond, and judgment was entered accordingly. This judgment was reversed upon the ground that the justice had no jurisdiction of the case, and that the entire proceedings, including the attempted appeal and the bond for the same, were void, and that consequently the Supreme Court of the District had acquired no appellate jurisdiction to render a judgment in the case. In the case now at bar the municipal court had jurisdiction of the action to recover possession of the premises in question, including the acceptance of the undertakings; consequently neither the proceedings nor the undertakings in the present case were void.

[3] There are two points presented severally by the parties which will be mentioned without extended comment: First, at the hearing in the municipal court the landlord's original claim included a sum for rents accrued before the date when the undertakings were executed. This claim, however, was withdrawn, and was not included in the judgment. The claim thus made was erroneous; but, being withdrawn, it did not affect the jurisdiction of the court, nor the validity of the judgment. And, next, in this court the respondents have contended that a writ of prohibition should not be granted for the reason that the petitioners should have regularly applied for a writ of error to review the judgment in question, and that, having failed to do so in time, they are not entitled to the extraordinary remedy which they now seek, citing United States, etc., v. Barnard, 29 App. D. C. 431; In re MacFarland, 30 App. D. C. 365; In re Dahlgren, 30 App. D. C. 588; Smith v. Whitney, 116 U. S. 167, 6 S. Ct. 570, 29 L. Ed. 601; In re Rice, 155 U. S. 396, 403, 15 S. Ct. 149, 39 L. Ed. 198; Alexander v. Crollott, 199 U. S. 580, 26 S. Ct. 161, 50 L. Ed. 317. The respondents also contend that a writ of prohibition should be allowed only to restrain a pending action or proceeding, whereas the judgment now in question has become final, citing 22 R. C. L. 8. Other similar questions of procedure are raised by the respondents. However, we do not find it necessary to pass upon them now, since our decision may well be rested upon the merits of the controversy as above set out.

The petition is dismissed, at the cost of the petitioners.