# AINSWORTH v. GILL GLASS & FIX-TURE CO.

## No. 6930.

Circuit Court of Appeals, Third Circuit.
May 5, 1939.

Harry Lea Dodson, of New York City, and Robert M. Barr, of Philadelphia, Pa., for appellant.

John W. Hallahan, of Philadelphia, Pa., and John M. Cole, of New York City (George F. Scull, of New York City, of counsel), for appellee.

Before MARIS, BIDDLE, and BUFFINGTON, Circuit Judges.

MARIS, Circuit Judge.

The appellee has moved to dismiss an appeal taken by the appellant from a final decree entered on December 21, 1938, in the District Court for the Eastern District of Pennsylvania. The motion is upon the ground that the appellant failed to comply with the requirements of Subdivision (g) of Federal Procedure Rule 73, 28 U.S.C.A. following section 723c, as to the filing of the record on appeal. Subdivision (g) of Rule 73 is as follows:

"(g) *Docketing and Record on Appeal.* The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the action there docketed within 40 days from the date of the notice of appeal; except that, when more than one appeal is taken from the same judgment to the same appellate court, the district court may prescribe the time for

filing and docketing, which in no event shall be less than 40 days from the date of the first notice of appeal. In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the action, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of the first notice of appeal."

In the present case the record was not filed with this court within 40 days, nor did the District Court within that period extend the time for filing it. However, on February 28, 1939, 63 days after the date of the notice of appeal, the District Court without notice or hearing entered the following order: "It is hereby ordered that Appellant's time for completing his appeal be extended to and including March 25, 1939."

The appellee argues that this order was not made within the period of 40 days and, therefore, the District Court had no authority to make it under Subdivision (g) of Rule 73. In reply to this argument the appellant calls our attention to the provisions of Subdivision (b) of Rule 6 which, he argues, conferred upon the District Court authority to make the extension out of time. The provisions of Subdivision (b) are as follows:

"(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; but it may not enlarge the period for taking any action under Rule 59 except as stated in subdivision (c) thereof, or the period for taking an appeal as provided by law."

It will be seen that this rule confers general authority upon the District Courts to enlarge periods of time fixed by the rules for the doing of acts required to be done by litigants. The filing of the record on appeal is such an act, and it would, therefore, appear that this rule would authorize the extension of the time for filing the record, the matter specifically provided for by Subdivision (g) of Rule 73. So far as concerns the extension of the time by an order entered before the expiration of the filing period as prescribed by the rule or as extended by a previous order, the authority conferred upon the District Court by the two rules is exactly the same. Rule 6(b) goes beyond Rule 73(g), however, in the authority which it confers upon the District Court in its second clause which authorizes that court upon motion to "permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

We do not see anything in Rule 73(g) which is expressly inconsistent with the authority thus conferred by Rule 6(b) except the final clause of that rule which prohibits the District Court from extending the time to a day more than 90 days from the notice of appeal. We think, therefore, that Rule 6(b) authorizes the District Court upon motion after notice to the appellee to permit the record on appeal to be filed after the expiration of the period fixed by Rule 73(g) or extended by the court under that rule where the failure to file it within that period is shown to the satisfaction of the court to be the result of excusable neglect, provided that the record is not permitted to be filed after the expiration of 90 days from the date of the notice of appeal.

In the present case the order made by the District Court after the expiration of the 40 days' period did not set forth that it was made upon motion after notice, nor did it contain a finding by the court that the failure to file the record within the period of 40 days was the result of excusable neglect. It follows that the order was not authorized by the Rules of Civil Procedure. It was, therefore, wholly invalid and furnished no support for the action of the appellant in actually filing the record on appeal in this court on March 10, 1939.

Subdivision (a) of Rule 73 provides that an appeal is to be taken by filing a notice of appeal with the District Court, which was done in the present case. It then provides that "Failure of the appellant to take any of the further steps to

secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

Under the provisions of this rule it is clear that the failure of the appellant to file his record in time did not invalidate his appeal, but merely furnished the basis for such action as this court may deem appropriate. The rule authorizes this court in its discretion to permit the filing of the record on appeal at any time (either before or after the expiration of the period of 90 days fixed in Rule 73(g)), or, if the facts warrant, to dismiss the appeal by reason of the default of the appellant. In the present case we have reached the conclusion that it would not be proper for us to dismiss the appeal in view of the question, heretofore unsettled, as to the extent of the authority of the District Court to make the order under which the appellant actually did file his record on March 10, 1939.

The motion to dismiss the appeal is accordingly denied and the appellant is given leave nunc pro tunc to file the record on appeal in this court on March 10, 1939.