### WINKELMAN et al. v. GENERAL MOTORS CORPORATION et al.

District Court, S. D. New York.
Oct. 23, 1939.

Charles Winkelman, of New York City, for plaintiffs.

Seibert, Paddock & Cochran, of New York City (Francis L. Durk and Jules Haberman, both of Brooklyn, N.Y., of counsel), for Irving Trust Co., Harry E. Ward and Eleanor Swayne, as executors, etc.

MANDELBAUM, District Judge.

This is a motion by the executors of the defendant, Alfred H. Swayne, deceased, appearing specially to dismiss the bills of complaint as against Swayne and the executors.

It is more than two years since the death of Swayne (April 16, 1937) and his executors and legal representatives have not been served with a writ of scire facias from this court (Title 28 U.S.C.A. § 778) nor have the plaintiffs moved to substitute the executors as parties defendant in these actions for the decedent, Swayne (Rule 25

of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c).

That such substitution is mandatory by the above mentioned statutes appears to be uncontradicted. The sole ground urged in opposition to the motion is that the nature of the consolidated action and other actions renders Section 778 and Rule 25 inapplicable.

The actions are stockholders' derivative actions allegedly brought for the benefit of General Motors Corporation against officers and directors of General Motors Corporation for an accounting and other relief. It is claimed that the suit therefore does not expire with the death of Swayne; that the property which it is alleged Swayne obtained from General Motors is not his property, and never became part of his estate; that Swayne holds the property in trust for General Motors Corporation benefit. In other words, the cash and stock claimed to have been illegally acquired by Swayne constitute a trust fund in the hands of his executors. The executors do not claim that the debt of Swayne abates the action, and specifically state that the suits survive Swayne's death. What they do claim is that the language of both Section 778 and Rule 25 (patterned after Section 778) is clear and mandatory.

After studying the statutes in question and what little authority there is in point, the court is of the opinion that the point raised by the executors is well taken. Both statutes relate to all suits pending in any court of the United States. Section 778 as a matter of fact says that "the provisions of this section shall apply to suits in equity and in admiralty as well as to suits at law". What better answer to the plaintiffs' contention can there be than the language of the statute itself. The court feels that the distinction which the plaintiffs urge upon the court would do violence to the statutes and to their clear meaning. The plaintiffs cannot place upon the executors the burden of substituting themselves as parties defendant within the two year period prescribed by the statutes. It is true that the executors could avail themselves of the statutes if they deemed it fit to do so. But in any event, the burden does not shift from the plaintiffs to the executors. It also appears from the papers submitted that the plaintiff had actual knowledge of Swayne's death so that any claim that they did not know of Swayne's death is without foundation.

The court holds therefore that the failure of the plaintiffs to revive the suits against the legal representatives of Swayne within the two year period provided by law must result in a dismissal of the bills of complaint as against Swayne and the executors.

Settle order on two days' notice.