## BURKE v. CANFIELD et al.
### No. 7607.

United States Court of Appeals for the District of Columbia.

Decided April 17, 1940.

Geo. E. Sullivan, of Washington, D. C., for Burke.

R. E. Wellford, and Lawrence Koenigsberger, both of Washington, D. C., for Canfield, et al.

Before GRONER, Chief Justice, and STEPHENS, MILLER, EDGERTON, VINSON, and RUTLEDGE, Associate Justices.

PER CURIAM.

On February 19, 1940, appellees filed a "short record" according to Rule 75(j) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and moved to dismiss the appeal on two grounds: (1) because notice of appeal was not filed within 20 days after the judgment, and (2) because the record was not filed in this court within the time allowed by Rule 73(g).

The judgment removing appellant as administrator of the Estate of Ellen T. Taltavull was signed August 1, 1939. A timely motion for new trial was denied November 10. Notice of appeal was filed November 29. On January 8, 1940, appellant moved in the trial court for an extension of the time for filing the record and docketing the case in this court. The judge took the matter under advisement and on January 13, granted an extension to February 10. On motion of appellees, he granted a further extension to February 27. By subsequent orders, we ex-

tended the time to March 25 when the full transcript of record was filed.

■ First. The appeal was taken in time, because the notice was filed within 20 days (see Rule 10 of this Court) [1] after denial of the motion for a new trial. St. Clair v. Conlon, 12 App.D.C. 161; Walter v. Baltimore & O. R. Co., 6 App.D.C. 20; see Southland Industries v. Federal Communications Comm., 69 App.D.C. 82, 83, 99 F.2d 117, 118. And the new rules have not changed this result. Hawley v. Hawley, No. 7457, motion to dismiss denied, August 2, 1939;[1] Neely v. Merchants Trust Co., 3 Cir., 110 F.2d 525; and see Advisory Committee's note under Rule 59, citing Morse v. United States, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518, and Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 14 S.Ct. 4, 37 L.Ed. 986.

■ Second. The order extending the time to file the record was made 45 days after the notice of appeal. Rule 73(g) authorizes the District Court to extend the time "if its order for extension is made *before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order*". (Italics supplied.) The period "originally prescribed" is only 40 days, and consequently the order went beyond the authority of the District Court and was void, as a result of which the record was not filed in accordance with the rule.

■ It has been said that Rule 6(b) permits an extension to be granted even after expiration of the 40 days. Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 104 F.2d 83. But if the broad language of the latter rule applies, then the language of Rule 73(g) quoted above is superfluous. The words of limitation must have been used advisedly, and it is an established rule that general language yields to the particular, where both apply to the case at hand and the plain intent is not defeated by such a construction. Bailey v. Allan E. Walker, 55 App. D.C. 74, 2 F.2d 123. Rule 6(b), therefore, has no application to extensions of time for the filing of the record and docketing of the case on appeal,

since the subject is dealt with specifically in Rule 73(g). Mutual Benefit Health & Acc. Ass'n v. Snyder, 6 Cir., 109 F.2d 469; 2 Edmunds, Federal Rules of Civil Procedure (Supp.1939), pp. 91-2.

■ Nevertheless, the error was not necessarily fatal. Rule 73(a) states that "Failure of the appellant to take any of the further steps [after notice of appeal] to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal". This leaves the matter to this court's discretion, and as the rules involved are new, and the specific point is one upon which there has been a difference of opinion, the appeal should not be dismissed.

■ We have been at pains to express our views, not only for the purposes of the present motion, but also as a guide for the District Judges in passing upon requests for extensions of time to file the record on appeal. The new rules are intended to liberalize procedure in that regard and to avoid the harshness of the old rules, which often required us to decline consideration of the merits because of counsel's neglect to comply with the rules. Cf. Darby v. Montgomery Bank, 63 App.D.C. 313, 72 F.2d 181, certiorari denied, 293 U.S. 579, 55 S.Ct. 92, 79 L.Ed. 676. But even so, the change does not contemplate a complete breakdown of all rules. Counsel should present his motion for extension soon enough to permit the judge to consider and act on it within the time allowed by Rule 73 (g). We think it timely to advise the bar that we intend to exercise sparingly our discretion to save an appeal prosecuted in disregard of the rules. For notwithstanding the modern trend, which we fully approve, it is desirable that courts and counsel bear in mind Justice Story's admonition that "infinite mischief has been produced by the facility of courts of justice in overlooking errors of form".

Motion to Dismiss Appeal Denied.

---

[1] Rule 10 of this Court, made under our special statutory authority, differs from the rule applicable in the Circuits outside this jurisdiction, in which the time for taking the appeal is fixed at three months. See 28 U.S.C.A. § 230.

*Note: We have now under consideration a change of our rule to conform it to that of the other Circuits.*
[1] No opinion filed.