**ANDERSON v. BRADY et al.**

**No. 4081.**

District Court, E. D. Kentucky.

Feb. 26, 1941.

Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, for plaintiff.

Galvin & Tracy, of Cincinnati, Ohio, for Fidelity & Columbia Trust Co.

SWINFORD, District Judge.

The question involved here is the application of Rule 25 (a) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The rule in so far as pertinent is quoted as follows: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed ·as to the deceased party."

The facts, which are not in dispute, disclose that Anne Thomas was a party defendant to this action. Anne Thomas died July 29, 1938. The Fidelity & Columbia Trust Company qualified as her executor on August 1, 1938. On or about August 15, 1940, the executor moved to dismiss the complaint as to its decedent, Anne Thomas. On November 7, 1940, the plaintiff filed his motion to revive the action against the executor.

Both motions are now before me.

It is the contention of the executor that since there was no revivor within two years as prescribed by the rule above quoted the Court is without discretion to now entertain the motion to revive.

The plaintiff files the affidavit of J. C. Daniel, an assistant, wherein he sets out that he learned of the death of Anne Thomas on July 10, 1940. That for more than two years, upon learning that the Fidelity & Columbia Trust Company of Louisville had been appointed personal representative of a deceased defendant, it had been his custom to mail to it an agreed order of revivor which it had in all but one or two instances approved and returned to him for file.

That he followed this practice in the instant case but received no response until August 16, 1940, when counsel for the executor advised him by letter that more than two years had elapsed since the death of Anne Thomas and requested a dismissal of the cause as to her.

That because of the long practice of approving revivors in a routine way and the further fact that the case was, by consent, being held up awaiting a decision on a similar case from an adjoining district, that he was justified in assuming that the order to which the plaintiff was entitled as a matter of right would be returned and he therefore paid no attention to the question of time. With this statement the plaintiff relies

on Rule 6(b), Federal Rules of Civil Procedure, and requests that the action be now revived.

The applicable portion of Rule 6 (b) is as follows: "When by these rules * * * an act is required * * * to be done * * * within a specified time, the court may * * * (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

In my judgment the facts do not disclose "excusable neglect" as contemplated by this rule. To take such a view would result in almost completely ignoring the limitations fixed by the rules. It was with a view to expediting and speeding litigation that the rules were promulgated. If courts ignore the clear provision "shall" as used in Rule 25 (a) (1), they would defeat the whole purpose of the rules. These are words of limitation and have equal binding effect with statutes fixing definite periods of limitation.

In this connection the following pertinent language is quoted from the opinion in the case of Winkelman et al. v. General Motors Corporation et al., D.C., 30 F. Supp. 112, 113: "The plaintiffs cannot place upon the executors the burden of substituting themselves as parties defendant within the two year period prescribed by the statutes. It is true that the executors could avail themselves of the statutes if they deemed it fit to do so. But in any event, the burden does not shift from the plaintiffs to the executors. It also appears from the papers submitted that the plaintiff had actual knowledge of Swayne's death so that any claim that they did not know of Swayne's death is without foundation.

"The court holds therefore that the failure of the plaintiffs to revive the suits against the legal representatives of Swayne within the two year period provided by law must result in a dismissal of the bills of complaint as against Swayne and the executors."

Rule 6 (b) must serve a very useful purpose and should be adverted to by courts to prevent a miscarriage of justice but when another rule presents a mandatory limitation the discretion of the court, as contemplated by 6(b), is denied.

In the case of Burke v. Canfield et al., 72 App.D.C. 127, 111 F.2d 526, 527, the appellant had failed to file his record or to secure extension within the time required under Rule 73(g). In declining his contention that Rule 6(b) permitted the court to grant an extension the court said: "It has been said that Rule 6(b) permits an extension to be granted even after expiration of the 40 days. Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 104 F.2d 83. But if the broad language of the latter rule applies, then the language of Rule 73(g) quoted above is superfluous. The words of limitation must have been used advisedly, and it is an established rule that general language yields to the particular, where both apply to the case at hand and the plain intent is not defeated by such a construction. Bailey v. Allan E. Walker, 55 App.D.C. 74, 2 F.2d 123. Rule 6 (b), therefore, has no application to extensions of time for the filing of the record and docketing of the case on appeal, since the subject is dealt with specifically in Rule 73(g). Mutual Benefit Health & Acc. Ass'n v. Snyder, 6 Cir., 109 F.2d 469; 2 Edmunds, Federal Rules of Civil Procedure (Supp.1939), pp. 91-2."

The motion to dismiss should be sustained and the motion to revive should be overruled.