### SCHRAM v. O'CONNOR et al.
### No. 14901.

District Court, E. D. Michigan, S. D.
Nov. 7, 1941.

Supplemental Opinion Dec. 4, 1941.

Robert S. Marx and Norman Burau, both of Detroit, Mich., for plaintiff.

Edward N. Barnard, of Detroit, Mich., for defendant.

PICARD, District Judge.

The dates recording the happening of the events are important in this matter.

Plaintiff started suit June 13th, 1938, and a default was entered September 9th, 1939. On December 7th, 1939, defendant filed his petition in bankruptcy and was immediately adjudicated a bankrupt. February 5th, 1940, plaintiff filed its claim in the bankruptcy court with this notation: "Suit was started by the trustee, and still is pending in the District Court of the United States for the Eastern District of Michigan, Southern Division, case No. ———".

Defendant had no assets and was discharged in bankruptcy March 26th, 1940. Defendant July 3rd, 1940, moved to set aside the default, which was granted July 8th, 1940, conditioned upon payment of $15 costs to plaintiff. Defendant paid the costs but upon rehearing on plaintiff's contention and representation that this court had no jurisdiction under the rules, the court reversed its decision of July 8th and on September 16th, 1940, denied the motion to set aside the default. Defendant had failed entirely to direct this court's attention to any rule or decision that warranted granting his motion. On September 18th, 1940, plaintiff returned to defendant the $15 costs that had been paid, taking a judgment September 30th, 1940, for $993.60 and $24.80 costs. November 18th, 1940, defendant again petitioned this court to set aside the default and after waiting almost eleven months for a brief from defendant substantiating his position, without receiving the same, this court denied the motion.

The matter therefore now comes before us again and we have agreed to reconsider our order denying the setting aside of the default previously entered and to pass on the merits of defendant's original motion.

Plaintiff contends that this court has no jurisdiction to set aside the default because the motion had been made tardily, quoting Rule 60 (b), 28 U.S.C.A. following section 723c, "in no case exceeding six months after such judgment, order, or proceeding was taken".

On the other hand, defendant relies upon Rule 55 of the Rules of Civil Procedure, Section (c) reading as follows: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (b)."

Defendant couples Rule 55 with Rule 6 (b) providing as follows: "Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable

neglect; but it may not enlarge the period for taking any action under Rule 59, except as stated in subdivision (c) thereof, or the period for taking an appeal as provided by law."

The question involved here is whether or not the delay in moving to set aside the default was due to "excusable neglect" by the defendant if Rule 6(b) applies at all. This court first determines therefore, that Rule 6 (b) does apply, so holding for the following reasons:

First, Rule 1 states: "They [these rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."

Therefore, so far as possible there should be a liberal interpretation of Rules and if Rule 6 (b) means anything at all it is to cover just such a case as this, provided the court finds that there was "excusable neglect"; and

Second, it appears that when any rule intends to specifically limit the authority of the court to use its discretion it so states definitely as it does in Rule 73 (g) "but the district court shall not extend the time to a day more than 90 days from the date of the first notice of appeal."

In other words, as interpreted by Burke v. Canfield, April 17, 1940, 72 App.D.C. 127, 111 F.2d 526 when such a definite restriction is placed upon any further action by some rule there is nothing the district court can do to change it, but where the restriction is upon the parties themselves as under 60 (b) and the court believes that it should inquire into whether the failure of either party to avail himself of some right was caused by "excusable neglect", the court shall have that right.

We come then to what is or is not "excusable neglect". It will be noted that default was entered a little over two months before defendant filed its petition in bankruptcy. Then in February plaintiff filed its claim in the bankruptcy proceedings bearing the significant words above quoted.

Almost any attorney, after reading that claim would, we believe, feel safe in concluding that plaintiff was pursuing its remedy in the bankruptcy court since plaintiff must have known that bankruptcy had been started in time so as to place plaintiff on the same basis as other creditors. It is also worth while to note that plaintiff waited just exactly four days more than six months before seeking to take judgment on its default after defendant's discharge in bankruptcy and apparently no notice of this was given to anyone. Rule 6 does not limit the court's discretion to "mistake" nor does it extend its right of discretion to mere "neglect". But it does give the right to the court to determine for itself what is "excusable neglect". Had plaintiff failed to file its claim in bankruptcy or had plaintiff in filing its claim noted the present status of its action against defendant as being in default and then defendant continued to ignore the plain warnings before him, such neglect would not have been excusable. But plaintiff participated in the bankruptcy and filed a claim bearing a notation that might even be construed as an attempt to mislead defendant. We do not hold as contended by defendant that this was purposely done, but that it had such effect no one can doubt. Furthermore, it would not be just or equitable for this court to permit plaintiff to profit over other creditors many of whom had not the benefit of counsel. Defendant was bankrupt and paid nothing on his debts. All creditors lost out and we believe that in order for plaintiff to be protected here in its default it must have shown itself to be entirely free from the slightest taint of misleading, actual or constructive. This it has not done and under the rules we hold that the default should be set aside and defendant permitted to file its plea to the declaration as filed. Cost of $15 should, however, be paid to plaintiff.

### Supplemental Opinion.

Upon reading plaintiff's brief submitted November 27th, 1941, this court finds no reason to reverse the conclusions as expressed in its own opinion of November 7th, 1941. As a matter of fact, some of the cases submitted by plaintiff further substantiate the position of this court, as for example the citation of Anderson v. Brady, D. C., 1 F.R.D. 589 quoted by plaintiff with the following significant language on page 6 of his brief: "In my judgment *the facts* do not disclose 'excusable neglect' as contemplated by this rule." (Italics ours.)

Notice the words "the facts do not disclose". This statement alone indicates that where in the opinion of the court the facts do disclose excusable neglect Rule 6 (b) might be used to enlarge the time.

We also direct attention of counsel to the record of the Cleveland proceedings of

the American Bar Association Institute held in 1938, where the federal rules were under discussion.

"The second provision is one covering the case where the time has already gone by, and here it is restricted to be done only on motion, but the court may still permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect, with two exceptions. The two exceptions are Rule 59, which deals with motions for new trial, and the period for taking an appeal, which of course is governed by statutory law." Page 210.

See, also, the record of the Washington and New York Federal Rules of Civil Procedure, Proceedings of Institutes in 1938 referring to Rule 6 (b) at pages 83 and 84:

"Of course there are times that have to be observed in order properly to bring a case to issue, but to the lawyer who is reasonably diligent, who is not scandalously negligent, there is always a way out of any pitfall that he might otherwise have encountered, because times can, in most cases, be extended by the judge * * *; and there are many other things in the rules which give them flexibility for a reasonable trial judge to administer in accordance with reason and the justice of a particular case.

"Of course the trial lawyer should always, I think, have before him the motto with respect to the time that he is to do things, that he ought to do them on the first day possible rather than on the last day permissible. But still, if there is an inadvertent oversight in the time of filing a paper, unless it is the time for taking an appeal or perhaps filing a motion for a new trial, there is the flexibility of administration by the trial judge having the opportunity to extend the time or otherwise to make such order as may be consistent with the justice of the case."

Also on page 135: "It is true that there is a provision in Rule 6 (b) for the enlargement of time, but this enlargement must in each case be for cause shown, even before the expiration of the time period, *and after the expiration of the time period the time can only be enlarged by the court upon motion, and where the failure to act was the result of excusable neglect. Those are much stronger provisions than anything we have had before.*" (Italics ours).

In addition this court has been unable to find that the California rules from which Rule 60 was evidently copied, did have a rule similar to our Rule 6 (b) and as stated above "Those are much stronger provisions than anything we have had before".

The interpretation as placed by the California courts upon Rule 60 would have some weight if there were any evidence to show that California had a rule of enlargement such as we have in the Federal Rules.

This court, therefore, not only believes that it has the authority but that defendant has shown an "excusable neglect". The relief requested and necessary will be granted.