### ANDERSON v. YUNGKAU et al.
### No. 10005.

Circuit Court of Appeals, Sixth Circuit.

Jan. 28, 1946.

Writ of Certiorari Granted May 13, 1946.

See 66 S.Ct. 1025.

SIMONS, Circuit Judge, dissenting.

———◇———

Robert S. Marx, of Cincinnati, Ohio (Robert S. Marx, Frank E. Wood, and Harry Kasfir, all of Cincinnati, Ohio, and Alfred C. Krieger, of Louisville, Ky., on the brief; Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, of counsel), for appellant.

LeWright Browning, of Ashland, Ky. (H. R. Dysard, Dysard & Dysard, and R. D. Davis, all of Ashland, Ky., Henry G. Sandifer, of Danville, Ky., and Richard T. Dickerson, of Cincinnati, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The appellant, receiver of the National Bank of Kentucky, moved in the district court to revive against the respective executors of seven defendants named in civil actions brought against them, while alive, to recover stock assessments held lawful in Anderson v. Abbott, 321 U.S. 349, 64 S.Ct. 531, 88 L.Ed. 793. Each of the appellee executors had previously moved to dismiss the action, against his individual decedent, because not revived within two years after the death of the defendant.

The district judge sustained the motions of the executors to dismiss and denied the motions of the receiver to revive the actions for the reason that, as he had stated in an earlier case, Anderson v. Brady, D.C.E.D.Ky., 5 F.R.D. 85, the following language of Federal Civil Procedure Rule 25(a) (1), 28 U.S.C.A. following section 723c, is a mandatory restriction upon the exercise of discretion to extend the time for revivor beyond the two-year limitation: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party."

While expressing the opinion that Rule 6(b) serves a most useful purpose in enabling courts to prevent miscarriages of justice, the district judge, nevertheless, held that the rule does not confer discretion to upset the definite limitation contained in Rule 25(a) (1). The appellant receiver contends that it does. Rule 6(b) provides: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; but it may not enlarge the period for taking any action under Rule 59, except as stated in subdivision (c) thereof, or the period for taking an appeal as provided by law."

There is no factual controversy presented by this appeal. Indeed, the facts of record are stipulated. It is conceded that

each of the seven decedents against whose estates revivors are sought died more than two years prior to the time the bank receiver made his motion to revive. The estates of five of the decedents are "still open and undistributed," the estate of one "is still open," and the estate of the seventh, Albert Yungkau, was "immediately delivered to the beneficiaries of his will."

It is stipulated that in each instance the appellant receiver had no knowledge of the death of the defendant shareholder until "after the two year period fixed by Rule 25 had expired." It is further agreed that the receiver has been diligent in the performance of his duty; that he brought actions against approximately 5,000 of the 6,000 shareholders of Banco-Kentucky Company who lived in all parts of the United States and some even in foreign countries; that many of these shareholders during the progress of the litigation changed their residences; and that with the limited staff at his disposal, it has been "impossible for the receiver to learn of the movements and residences and even the death of defendants, and without such knowledge he could not bring actions for revivor until after he learned of the death."

The appellant urges that Rule 6(b) "permits enlargement" in all cases when by the civil procedure rules an act is required to be done within a specified time, with the two exceptions stated in the rule, namely, the period for taking any action under Rule 59 concerning new trials, and the period for taking an appeal. It is contended that the specification of those two exceptions excludes the "engrafting" of any additional exception upon the rule. Appellant insists that the district court erred in construing the words, "the action shall be dismissed," used in Rule 25(a) (1), as preventing the revivor of the actions after the lapse of two years from the date of the death of the respective defendants. He points out that the word "shall," though mandatory in character, is not to be so construed in every context. Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 79 L.Ed. 1566; Cairo & F. Railroad Co. v. Hecht, 95 U.S. 168, 24 L.Ed. 423; West Wisconsin R. Co. v. Foley, 94 U.S. 100, 24 L.Ed. 71; Richbourg Motor Co. v. United States, 281 U.S. 528, 534, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081.

■ Appellant concedes that "where the only question is the application of Rule 25(a), there is no discretion given the District Court to permit a revivor beyond the two-year period," but that "when the element of excusable neglect comes into play another rule [6(b)] permitting enlargement of time extends the power to the court to exercise his discretion." We do not concur in this interpretation of the rules. In our judgment, Rule 25(a) (1) has the same effect as a statute of limitation with respect to the revival of an action against the estate of a decedent. If an action is not revived within two years following the death of the defendant, a binding duty rests upon the court to dismiss the action. The language of the rule is clearly imperative. Prior to the adoption of Rule 25(a) (1), the period of limitation for reviving an action against the estate of a defendant was fixed by section 778 of 28 U.S.C.A., Judicial Code, at two years after his death. No purpose is manifested to change the limitation period in the adoption of the civil procedure rule in question. On the contrary, the same limitation is written into the rule. If, within two years after death, substitution of the proper parties has not been made, the rule commands the court to dismiss the action against the deceased party.

"Excusable neglect" to revive an action within a period of definite lawful limitation is no more effective in avoidance of the bar than is the failure to bring an original action within the time limit fixed by statute. The court is without jurisdiction to excuse "excusable neglect" in either instance. Rule 25(a) (1) operates both as a statute of limitation upon revivor and as a mandate to the district court to dismiss an action not seasonably revived by substitution of parties.

■ Rule 6(b) was not, to our thinking, intended to nullify the mandatory language of Rule 25(a) (1) so as to permit the district court to enlarge the time within which parties can be substituted for the decedent. The rule would seem to be designed to afford relief to a party whose failure to take timely required steps might be properly classified as "excusable neglect"; but was not intended to apply to affirmative action demanded of the court in plain words.

No directly applicable authority upon the issue presented has been cited by coun-

688

sel or revealed by research, but Wallace v. United States, 2 Cir., 142 F.2d 240, 244, bears analogy in principle. In that case, it was held that Civil Procedure Rule 6(b) does not apply to a motion for relief from a judgment or an order on the basis of mistake, inadvertence, surprise, or excusable neglect under Rule 60(b), for the reason that the time for making such motion is expressly limited in that rule to a period not in excess of six months after the entry of the judgment or order. Declaring that interpretative devices such as expressio unius exclusio alterius have diminished importance today and must yield to more obvious indications of intention, the opinion states: "The terms of Rule 60(b)—'but in no case exceeding six months'—are so emphatic as to preclude the importation of an exception via Rule 6(b)."

In Winkelman v. General Motors Corporation, D.C.N.Y., 30 F.Supp. 112, it was held that the substitution of a representative of a deceased party pursuant to the Judicial Code, 28 U.S.C.A. § 778, and to Civil Procedure Rule 25, relating to substitution in the event of the death of a party, is *mandatory*. The district court, therefore, dismissed the bills of complaint against the decedent and his executors for failure of the plaintiffs to revive the suit within the two-year period provided by law.

A few other cases have been cited which are not considered especially significant here. Mutual Benefit Health & Accident Ass'n v. Snyder, 6 Cir., 109 F.2d 469; Burke v. Canfield, 72 App.D.C. 127, 111 F.2d 526; Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 104 F.2d 83.

Being in our opinion correct, the judgment of the district court is affirmed.

SIMONS, Circuit Judge (dissenting).

With great regret I am unable to lend my concurrence to the opinion of the majority in this case. Rule 25(a) speaks in terms that are seemingly mandatory. Rule 6(b), however, permits the court to enlarge the period after the expiration of two years "where the failure to act was the result of excusable neglect." The opinion considers it to be conceded that the neglect to reinstate the proceedings was excusable. Had the Rule ended there it would seem to me that the court would be authorized to entertain a motion for enlargement of the time once excusable

neglect had been established. The Rule, however, goes farther and provides exceptions, neither of which refers to Rule 25(a) (1); namely, it may not enlarge the period for taking any action under Rule 59 except as stated in subsection (c) or the period for taking an appeal as provided by law.

It is a well-established rule of statutory construction that where two provisions of a statute are in apparent conflict, the court must endeavor to reconcile them. It is also a well-established rule that where specific exceptions are stated they exclude all others, and there are persuasive and authoritative adjudications to the effect that though the word "shall" is the language of command it is not controlling but only a "test significant," and the ends and aims of the statute must be consulted. Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 79 L.Ed. 1240; West Wisconsin R. v. Foley, 94 U.S. 100, 24 L.Ed. 71.

The opinion reasons by analogy that the decision in Wallace v. United States, 2 Cir., 142 F.2d 240, 244, requires that the word "shall" must, in its present context, be given its mandatory connotation, conceding, however, that that case does not reach the present problem. The Wallace case, however, construed Rule 60(b) and not Rule 25(a) (1). The pertinent language in that Rule was "but in no case exceeding six months." This phrase is so emphatic and specific as to preclude "the importation of an exception via Rule 6(b)." This emphasis on the exclusion of exceptions is not present in Rule 25(a) (1). In Mutual Benefit Health & Accident Ass'n v. Snyder, 6 Cir., 109 F.2d 469, and Burke v. Canfield, 72 App.D.C. 127, 111 F.2d 526, excusable neglect was not shown but the court nevertheless allowed the record to be filed under Rule 75(a), both cases holding that Rule 6(b) did not lift the time limit set down by section 73(g). In Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 104 F.2d 83, it also was not shown that failure to permit a record to be filed was the result of excusable neglect. The court, however, allowed the record to be filed under Rule 73(a).

Finally, the proposed revision of the rules not yet promulgated includes Rule 25 as an exception to Rule 6(b). This is done on the theory that the limit to substitution should be absolute. This leads me to the conclusion that the proposed

revision of the rules contemplates a change in the rule rather than its clarification. I think the judgment should be reversed and the cause remanded for consideration of the plaintiff's suit upon its merits.