# GLADMAN *v.* STODDART.

APPEAL AND ERROR; ASSIGNMENTS OF ERROR; BRIEFS; EXTENSION OF TIME FOR FILING.

1. Assignments of error, so far as based upon matters at issue in the pleadings, will not be considered by this court in the absence of a statement of the evidence.
2. An appellant's application for an extension of time for filing his brief, upon the ground that pressure of business has prevented him from preparing it within the thirty days allowed, will be denied where no statement of the evidence was filed, and the only grounds upon which the appeal can be heard are purely technical, relating to notice of calendaring and hearing the cause, and to the approval without notice or audit of the report of a receiver appointed therein.

No. 2670. Submitted May 19, 1914. Decided May 22, 1914.

HEARING on a motion by appellants for an extension of time within which to file a brief, and on a motion by the appellee to dismiss or affirm. *Motion for extension of time denied, and, the brief not having been filed within the time prescribed by the rule of court, the appeal dismissed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree entered January 28, 1914, and an order denying a motion to vacate the same. The transcript has been printed. The time within which appellants' brief should have been filed expired May 18th.

On that day they filed a motion for an extension of time, on the ground that counsel have been so engaged in the preparation and trial of cases which will be heard prior to the adjournment of the courts for the summer vacation, that it "has been extremely difficult for them to prepare their brief within the

regular time, and that it will be impossible for them to prepare said brief as carefully and adequately as the interest of their clients require, unless said time be so extended." An additional excuse for failing to prepare the brief is that the call of the docket has now been suspended, and the cause cannot be heard in any event before the fall term.

The appellee opposes the extension, alleging that an appeal was taken for delay only; and because the questions presented for review are manifestly frivolous. Neither motion is sworn to.

On May 19, appellee filed a motion to dismiss or affirm on the ground that the questions for review are manifestly frivolous. The said questions are stated in the motion.

A statement of the case is necessary. One Mary B. Gunnell, whose will was dated April 19, 1909, disposed of an estate consisting of both real and personal property. Defendant Harry E. Gladman is the executor thereof.

The bill does not allege that the will was probated in the District of Columbia, but the defendant alleges in his answer that he was appointed executor by the supreme court of the District, and at the time of filing this bill was engaged in closing his final settlement as executor.

There is no statement of the evidence in the record. The will, made an exhibit to the bill, shows that the estate, consisting of personalty and certain improved real estate in the city of Washington, was devised to Mary Stoddart for life, with remainder to her six children, one of whom is Elizabeth S. Gladman, the wife of the executor.

The bill filed by the life tenant, who lives in Philadelphia, alleges that the said real estate has been under the control of defendant, who claimed the right as executor, and whose claim was believed by plaintiff to be lawful. She has since discovered that the right to control is in her under the will, and being dissatisfied with the management of defendant, she demanded possession of the premises with the house contracts, etc. This was refused. Her suit is to compel him to surrender the property, and to enjoin him from molesting or interfering with the same.

She prayed for discovery as to his collections, rent contracts, etc., and an accounting, and for the appointment of a receiver.

The defendant's answer admitted the allegations respecting the will, but denied that he represented himself as entitled to the possession of the real estate as executor. Alleged that he had been in charge of the rental of the same for testatrix, and continued so to act at request of plaintiff. He alleged that he had faithfully administered the same and accounted monthly to plaintiff for the net receipts. He rendered an account for the collections from June 20, 1913, giving names of tenants, rentals, and commissioners. Edward P. Swartz was appointed receiver. His first report showed that some of the houses were in bad condition, and that the house at 1011 Seventh street, S. E., had been condemned by the District inspector and ordered to be torn down, or else repaired by practically building anew. One other house was in very bad condition. It became a question whether these houses should be repaired, and if so, what portion of the same should be charged to the life tenant and remaindermen respectively.

For this reason plaintiff amended her bill and made the remaindermen parties defendant.

The receiver reported bids for repairs and reconstruction, and was ordered to tear down the house at 1011 Seventh street, S. E., because unprofitable to rebuild; and to repair others. The order apportioned the expenses as follows: Three tenths to the life tenant and seven tenths to the remaindermen. A third report of the receiver showed the cost of repairs of certain houses, the cost of which to each remainderman was $22.40, and was approved. The report also showed that other repairs were progressing. A fourth report was filed January 29, 1914, showing expenditures of $1,285 advanced by plaintiff, of which Elizabeth Gladman had repaid $22.40. All of the remaindermen, with the exception of Elizabeth Gladman, consented to a decree against them for their proportion of the whole. The final decree, entered January 29, 1914, approved the account, and directed the defendant to turn over the property to plaintiff, con-

trol of rent contracts, and enjoining him from molesting the same. He was ordered to pay plaintiff $19.25. The costs of suit were adjudged against him, except those growing out of making the remaindermen parties; these being apportioned among plaintiff and the remaindermen. Each remainderman was ordered to pay plaintiff $162.99, the sum being his or her proportionate part of the expenses of repairs, save Elizabeth S. Gladman, who, having paid $22.40, was directed to pay $140.59. The receiver was directed to collect the rents until the further order of the court. The decree recites that the cause was heard on the pleadings and evidence taken, and was argued by counsel for the respective parties.

January 31, 1914, defendants Gladman moved to vacate the decree on three grounds. 1. The cause was not properly calendared for hearing, because the order and notice thereof had not been given five days previous to the first day of the January term. 2. Notice was not given to defendants or their counsel of the hearing on January 29th. 3. Testimony was taken in said cause after the expiration of the time for taking, and without extension of the time. It appears from the affidavits in support of, and in opposition to, said motion, that notice was given December 30, 1913, that the cause had been calendared for trial at the January term, and that on January 26, 1914, counsel were notified that the court had ordered that upon two days' notice testimony would be heard as to the apportionment of the expenses for repairs between the parties, and that January 29 would be fixed for the hearing. The motion was denied.

There is no statement of the evidence in the cause, or upon the hearing of the motion, if indeed any was taken in addition to the accompanying affidavits.

*Mr. J. H. Ralston* and *Mr. W. E. Richardson* for the appellants.

*Mr. S. V. Hayden* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The assignment of errors, so far as based upon matters at issue in the pleadings, could not be considered in the absence of a statement of the evidence. Another is that the court erred in discharging defendant from his agency without notice to or acquiescence by the remaindermen. Others set up the same grounds upon which the motion to vacate was founded.

It appears, therefore, that the only grounds upon which the appeal could be heard are purely technical, relating to the time required of notice of calendaring and hearing the cause, and approving the last report of the receiver without sufficient notice and an audit of the same.

Without pausing to determine whether the grounds of appeal are so frivolous as to warrant summary affirmance, we are of opinion that they do not justify an extension of the time for filing the brief, upon the grounds stated in the application. The thirty days allowed for filing brief were ample. The application for extension is denied, and for the failure to file brief, the appeal must be dismissed. *Appeal dismissed.*