## STROUP v. HOWE.
### No. 32 and 21 Original.

Municipal Court of Appeals for the
District of Columbia.

Dec. 2, 1942.

Herman Miller, of Washington, D. C., for appellant.

Walter J. Cahill, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

A motion to docket and dismiss under Rule 33 has been filed by appellee. It is conceded that a statement of proceedings and evidence was not filed within the time limited by Rule 27(g) and that no application for extension of time was made to, or granted by, the trial judge.

It appears from the certificate of the clerk of the trial court accompanying the motion that judgment against appellant was entered on September 30, 1942; that timely notice of appeal, designation of record, and statement of errors were filed; that the time for filing the statement of proceedings and evidence expired on October 20th. It was not filed until November 2. The trial court withheld action on the statement, pending a ruling by us.

Had application been made prior to October 20, the trial court was authorized to grant an extension to October 30 (Rule 27(h).

At the time of the entry of judgment a supersedeas bond was authorized by the trial court; this bond was not filed; and on October 30th an attachment was issued on the judgment, which on the following day was returned with a notation that credits in a local bank had been attached.

On November 20, 1942, the appellee filed her motion to docket and dismiss the appeal under Rule 33, which in part provides: "Upon filing of said motion this court may, however, for good cause shown by the appellant, suspend action and grant additional time for completing said appeal."

Rule 27(p) reserves authority in this court [1] to grant extensions of time for taking the several steps essential to perfect an appeal (other than the filing of notice of appeal), but requires that such enlargement of time be "for extraordinary reasons."

Both rules should be considered in the present case; for the denial of the motion to docket and dismiss would of necessity revive the appeal and require the enlargement of the time for taking the necessary steps to complete it.

On November 20, 1942, appellant filed a motion to extend the time to settle the statement of proceedings and evidence and to permit the trial court to sign the same. An affidavit of counsel for appellant was filed with this motion. We have considered this affidavit as applying to both of the pending motions.

Its only reference to the cause of the delay in filing the statement of proceedings and evidence is that "due to pressing trials by counsel for appellant in the Land-

---

[1] Under authority of Sec. 7(b) of the Act of April 1, 1942, 56 Stat. 195, which provides in part that this Court shall have the power "generally to regulate all matters relating to appeals, whether in the court below or in said The Municipal Court of Appeals for the District of Columbia."

lord and Tenant branch of the Municipal Court every day, this deponent was unable to prepare and present the same until the time aforesaid."

The objections to the motion to docket and dismiss offered no other explanation for the failure to act within the time fixed by the rule, or the failure to seasonably apply to the trial court for an extension of time, or to seek it here after the right of the trial judge to entertain such motion had terminated. Under such circumstances there is no basis for exercising the discretion contemplated by the rules cited above.

An order will be entered in Case No. 32 granting the motion to docket and dismiss, and in No. 21 Original denying the motion for extension of time to settle and sign the statement of proceedings and evidence.