## BOWERS v. BASILIKO.
### No. 144.

Municipal Court of Appeals for the District of Columbia.

Aug. 4, 1944.

Charles J. King, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

Our Rule 27(e) requires that designation of record and statement of errors shall be filed within five days from the date of filing notice of appeal. Appellant allowed eleven days to elapse, and then moved for leave to file said papers. Appellee objects. But we say at the outset that consent or lack of it cannot provide the pattern for our rulings in these situations. Counsel by giving their consent cannot render our rules inoperative,[1] or by withholding it prevent our granting relief in a proper case. This relief may, upon a proper showing, include extensions sought after expiration of the time fixed in our rules.[2]

Rule 27(p) provides that there shall be no enlargement of the time for taking this step, among others, except "for extraordinary reasons." Yet the only reason suggested is that appellant "miscalculated

---

[1] Werth v. Nolan, D.C.Mun.App., 31 A.2d 679.

[2] Tendler v. L. E. Massey, Inc., D.C. Mun.App., 34 A.2d 33.

624

the time within which to file the designation of record and statement of errors." How or why the miscalculation arose is not stated. That is hardly an extraordinary or even a persuasive reason; especially when the application comes after the time has expired.

Early in the history of this court we called attention to the necessity of making timely applications for extension of time, and refused leave to file a statement of proceedings and evidence where counsel had permitted his time to expire because he was engaged in trials in another court. Stroup v. Howe, D.C.Mun.App., 32 A.2d 297.

Later we pointed out that the purpose of the act creating this court and of the rules we had promulgated "was to provide litigants an appeal of right with a simple, expeditious, inexpensive procedure." We stressed that time limitations must not be ignored, that the primary responsibility for prosecuting an appeal rests upon an appellant and that he must guard against time lapses which may result in dismissal. District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31, 33.

Very recently we had occasion in two cases to refuse leave to file statements of proceedings and evidence after the time had expired. McKay v. Goldwyn, Orig. No. 137, and Webb v. White, Orig. No. 138.

Appellant reminds us that though he had ten days after judgment in which to file his notice of appeal he filed it the very next day, and that had he waited his full ten days to file the notice of appeal he would not now be in default on this step. We agree that his promptness in taking the first step was indicative of an intention to prosecute the appeal with dispatch; but that does not excuse his failure, unexplained as it is, to follow up with his designation of record and assignment of errors. In other words, counsel cannot rearrange the allotments of time the court has fixed.

Almost two years ago, in a single rule (Rule 27), we formulated a simple time schedule regulating the various consecutive steps on appeal. We think we may now reasonably expect that the members of our Bar, busy though they be, will have familiarized themselves with those time limitations and will observe them; and that they will apply for extensions before, and not after, their time has expired.

What we have said is not to be taken as an invariable rule to be followed in every future case, for we do not forget that these matters are in the field of discretion. We say simply that our discretion will be exercised very sparingly, and only upon substantial justification.

Motion denied.

ADDENDUM: After the preparation of the foregoing opinion there have been presented to us appellee's motion to docket and dismiss (No. 217) and appellant's objection thereto. Since the new motion is governed by our ruling herein, the motion to docket and dismiss must be granted. So ordered.