**GRAVES v. MacDONALD.**

No. 383.

Municipal Court of Appeals for the District of Columbia.

May 14, 1946.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

Appellee, as landlord, sued in the Landlord and Tenant Branch of the Municipal Court for possession of certain business property. There was judgment for appellee, and notice of appeal to this Court was duly filed. A motion to docket and dismiss

under our Rule 33 has now been filed by appellee, and an answer thereto has been filed by appellant, opposing such dismissal. The grounds urged in support of the motion are that appellant failed to file the Designation of Record and Statement of Errors within the time period fixed by the rules of this Court, and that she also failed to file in time the Statement of Proceedings and Evidence or Reporter's Transcript or Agreed Statement on Appeal.[1]

The certificate of the clerk of the trial court accompanying the motion shows that the Designation of Record and Statement of Errors were filed one day late, and that the Statement of Proceedings and Evidence had not yet been filed on April 22, which was already seven days after its due date.

Appellant seeks to invoke a part of our Rule 33, which, after providing that if the appellant fails to take any of the required steps within the respective time periods the appellee may move to have the appeal dismissed, also provides that this Court may "for good cause shown" suspend action and grant additional time for completing the appeal.

The grounds urged for relaxing the rule in this case are that "the pressure of business" has kept this appellant's attorney from perfecting her appeal; that "appellant's attorney has been out of town for the past five days, since the 18th of April, 1946," (the statement of proceedings and evidence was due April 15) and that "appellant's attorney had no idea appellee's attorney had no idea appellee's attorney was so zealous for observance of the rules, unless necessitated by good reason therefor." Appellant's counsel also urges that the fundamental rights of his client should not be lost by a "technical maneuver by opposing counsel."

■ We have dealt previously with similar situations.[2] We have stated plainly that, while always considering valid reasons for delay, "our discretion will be exercised very sparingly, and only upon substantial justification." [3]

The grounds urged in support of the present motion are even less persuasive than those in the cases just cited, and the statement that appellant's attorney "had no idea appellee's attorney was so zealous for observance of the rules" indicates a total lack of appreciation of the purpose of such rules. No request for extension was made until after the time had expired and this motion to dismiss had been filed.

■ The time limits for the various steps on appeal contained in our rules were fixed under authority of the Act of Congress creating this Court,[4] after consultation with the judges of the Municipal Court and with representative committees of the various bar associations of this jurisdiction. Experience has shown they can be and are easily followed by the great majority of lawyers. They contemplate allowance of extensions for good cause shown when application therefor is made before the expiration date, a step which ordinarily can be taken by even the busiest attorney. They were adopted with the purpose of bringing about prompt disposition of appeals. They were not fixed for the convenience of this Court, but for the benefit of litigants and their counsel, who have a right to rely on them. Furthermore, in landlord and tenant proceedings, such as the present, the Congress has established a summary proceeding in the trial court, and in such a case we believe it would be improper to permit appellant to further prolong proceedings on appeal, especially when the application is made after the time has already expired and when the grounds stated for the delay are so vague, uncertain, and unconvincing.

The motion to docket and dismiss must be granted.

Appeal dismissed.

[1] Rules 27(e), 27(g) and 27(p).

[2] Bowers v. Basiliko, D.C.Mun.App., 38 A.2d 623; Tendler v. L. E. Massey, Inc., D.C.Mun.App., 34 A.2d 33; District Hauling & Construction Co. v. Argerakis, D. C.Mun.App., 34 A.2d 31; Stroup v. Howe, D.C.Mun.App., 32 A.2d 297. See also Maghan v. Young, U.S.App.D.C., 154 F. 2d 13; Wegner v. Bobbitt, 49 App.D. C. 228, 263 F. 480; Doyne v. Werner, 48 App.D.C. 254; Gladman v. Stoddart, 42 App.D.C. 346.

[3] Bowers v. Basiliko, supra [38 A.2d 624].

[4] Code 1940, § 11—772(b).