## KARIKA v. DISTRICT OF COLUMBIA.
### No. 350.

Municipal Court of Appeals for the
District of Columbia.

May 14, 1946.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

For the third time since this appeal was noted appellant seeks relief from her own default in bringing the appeal to hearing.

The first default occurred last November when appellant permitted the time to expire for filing Designation of Record and Statement of Errors and then, some three weeks later, moved for leave to file such papers. The District of Columbia opposed the extension and filed a formal motion to docket and dismiss the appeal. We declined to dismiss the appeal and granted appellant an extension of more than two weeks to file the Designation of Record and Statement of Errors. This she did.

The second default occurred when appellant failed to file her brief on March 19, twenty days from the filing of the Record, as required by our Rule 27(*l*). Instead, two weeks after her time had elapsed, her counsel moved for an extension of time for filing the brief. We extended the time to April 10; but the brief has never been filed.

Accordingly, the case was placed on our May calendar, to be dismissed for failure to prosecute. It was when the case was called for that purpose that appellant's counsel appeared in open court and made his motion for leave to file the brief, almost a month after it was due. He gave no reason except that because of pressure of other cases he had not been able to concentrate on the preparation of the brief in this case. We have decided that the application must be denied and the appeal dismissed.

Our rules, including the time schedule set out in Rule 27, have now been in force for almost four years and are presumably familiar to every practitioner bringing appeals to this court. The rules were not adopted for the convenience of the court but in the interest of an orderly and expeditious appellate procedure as prescribed by Congress. See our decision of this date in Graves v. MacDonald, D.C.Mun.App., 47 A.2d 91, and cases there cited. We say here, as we did there, that the great majority of lawyers have had no difficulty in complying with such rules and that even the busiest lawyer can manage to guard against expiration dates by applying for extensions before he is in default. And we have been rather liberal in granting such extensions when sought in due time. But we cannot ignore the consistent neglect or relieve against the repeated defaults which have marked the conduct of this appeal by appellant.

*Appeal dismissed.*