**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CURTIS R. FOOTE,

     Petitioner - Appellant,

v.

RON WARD,

     Respondent - Appellee.

No. 06-6228
(D.C. No. CIV-05-511-L)
(W.D. Okla.)

---

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

     Curtis Randall Foote, a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the

district court, we **DENY** a COA and **DISMISS** the appeal.

     Foote pled no contest to first degree burglary, intimidation of a witness,

two counts of domestic abuse assault and battery, and threatening an act of

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

violence in Oklahoma state district court. At the sentencing hearing, Valerie Easley and her two daughters testified that Foote entered their home on July 8, 2002, and demanded that one of the daughters write a letter recanting her allegation that Foote molested her. They further testified that when the daughter refused, Foote pushed Easley against a wall, punched her, and threatened all of them.

Seeking to withdraw his plea, Foote appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). The OCCA denied his motion to withdraw, reversed his conviction for threatening an act of violence, and affirmed his other convictions. Additionally, the OCCA remanded to the state district court with instructions to enter an Order Nunc Pro Tunc to correct an erroneous notation in Foote's Judgment and Sentence indicating he was convicted of a prior felony. Foote filed a § 2254 petition in federal district court, which was denied. He now seeks a COA from this court to appeal that decision.[1]

_____

[1] Because the district court denied Foote a COA, he may not appeal the district court's decision absent a grant of COA by this court. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Foote to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Foote advances five claims on appeal: (1) He did not orally plead no contest; (2) He was incorrectly sentenced as an habitual offender;[2] (3) His convictions for intimidation of a witness and domestic abuse assault and battery constitute double jeopardy; (4) The record was insufficient to support his conviction for intimidation of a witness; and (5) He was denied effective assistance of trial counsel. Because these issues have already been adjudicated in state court, Foote must show that the OCCA decision denying him relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" in order to prevail. 28 U.S.C. §§ 2254(d)(1)-(2).

A valid plea must be knowing and voluntary. See Parke v. Raley, 506 U.S. 20, 28 (1992) (citation omitted). Although Foote did not state "I plead no contest," the sentencing hearing transcript leaves no doubt that his plea met this standard. The court asked whether the information contained in his plea of no contest was true and correct. Foote responded affirmatively. Moreover, the

_____

[2] Although Foote clearly asserted this claim in the district court, it is unclear whether he pursues it on appeal. Because we construe pro se pleadings liberally, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we will consider it here.

written Summary of Facts form signed by Foote clearly advised him of his rights. The OCCA's determination that Foote's plea was valid was not unreasonable.[3]

On Foote's original Judgment and Sentence form, the box adjacent to the following statement was checked: "The Court finds that the defendant has ONE (1) prior felony conviction(s) Cleveland County Case, CF-2002-128 and this sentence has been enhanced . . . ." The OCCA noted that this description was in error and remanded with instructions to correct it. However, as the OCCA pointed out, Foote was not in fact sentenced as a repeat offender. At sentencing, the trial court stated so explicitly, rendering this claim moot. See Spencer v. Kemma, 523 U.S. 1, 7 (1998) ("[T]he plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (quotation omitted).

In a habeas petition alleging multiple punishment double jeopardy, we review only to determine whether the trial court imposed a sentence greater than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 368 (1983). We infer that the legislature intended to punish conduct as distinct offenses when "a difference exists in the proof of facts required to prove" each offense. Dennis v.

---

[3] Foote claims that his failure to orally plead deprived the trial court of jurisdiction, but cites no authority for this proposition. Accordingly, we do not consider this a ground for relief. See American Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal.").

Poppel, 222 F.3d 1245, 1252 (10th Cir. 2000). The elements of intimidating a witness are: "First, willfully; Second, causing/threatening/procuring/harassing; Third, physical/mental harm; Fourth, through force/fear; Fifth, to a person; Sixth, [with the intent to make the person alter his testimony]." Okla. Uniform Jury Instructions, Crim. 2d, § 3-39. The elements of domestic abuse assault and battery are: "First, willful; Second, unlawful; Third, attempting or offering to use force or violence; and Fourth, the use of force or violence; Fifth, against the person of [Specify Applicable Relationship]." Okla. Uniform Jury Instructions, Crim. 2d, § 4-26A. Because each offense requires at least one distinct element to be proved, the OCCA's rejection of Foote's double jeopardy claim was not unreasonable.

Foote claims that his conviction for intimidating a witness should be vacated because the record lacked a factual basis to support his plea of no contest. Generally, the U.S. Constitution does not require a factual basis to support a plea, making such claims non-cognizable in a habeas petition. Freeman v. Page, 443 F.2d 493, 497 (10th Cir. 1971). However, "pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea." North Carolina v. Alford, 400 U.S. 25, 38 n.10 (1970). Foote correctly notes that his plea did not contain an admission of any facts, but rather his understanding of the evidence the state would introduce at trial. Nevertheless, Foote does not

claim innocence anywhere in the plea and accordingly does not receive the added protection of Alford. The OCCA's denial of this claim was not unreasonable.

To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). Foote alleges that his counsel failed to investigate his claim that he and Easley were married. Even if true, this fact would have no relevance to the charges on which he was convicted. He also claims that counsel's failure to raise the issues he presently pursues constituted ineffective assistance. As noted above, each of these claims is without merit, therefore counsel's failure to raise them did not prejudice Foote. The OCCA's denial of this claim was also not unreasonable.

Finally, Foote moves to proceed in forma pauperis. Although his claims were ultimately without merit, they were not so frivolous or unreasoned as to imply bad faith. See 28 U.S.C. §§ 1915(a)(1) & (a)(3). Accordingly we **GRANT** his motion to proceed in forma pauperis.

For the reasons set forth above, Foote's request for a COA is **DENIED** and

his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge