**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0713n.06**

**No. 10-1353**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

LAURIE BONIOR,                                     )
                                                   )
    Petitioner-Appellant,                     )
                                                   )
v.                                                 )   On Appeal from the United States
                                                   )   District Court for the Eastern
PERCY CONERLY, Warden,                             )   District of Michigan
                                                   )
    Respondent-Appellee.                      )

**FILED**
**Nov 17, 2010**
LEONARD GREEN, Clerk

Before:      BOGGS, MOORE, and KETHLEDGE, Circuit Judges.

        PER CURIAM.

Laurie Bonior, a Michigan state prisoner currently on parole, appeals the district court's order denying his petition for a writ of habeas corpus. The district court granted a certificate of appealability on two issues: Petitioner's claim that he received ineffective assistance from both his trial and appellate counsel; and Petitioner's claim that his conviction violated his Fifth and Fourteenth Amendment rights. Because both claims lack merit, we affirm the district court's order.

**I**

Bonior states that he suffers from Frotteurism, a condition in which sexual stimulation is achieved by touching or rubbing against a person without that person's consent. On December 19, 2004, he was arrested after attempting to make inappropriate sexual contact with a minor who was shopping in Burton, Michigan. Bonior was initially charged with two counts of attempted

kidnapping and one count of carrying a concealed weapon. All three counts are felonies, each punishable by up to five years of incarceration under Michigan law.

On March 2, 2005, Bonior pled no contest to lesser charges. He was convicted of one count of attempted kidnapping and sentenced as a habitual offender, second offense. The attempted kidnapping charge bears a maximum penalty of five years, and the habitual offender designation increases that maximum by two-and-a-half years in this case.[1] Bonior's maximum sentence under the guilty plea was therefore seven-and-a-half years, or half the maximum time of his initial charges.

At the plea colloquy, the judge informed Bonior of his constitutional rights to a trial, to the presumption of innocence, and to representation by counsel. Bonior was informed that he might be sentenced to as long as seven-and-a-half years of incarceration. The judge also sought to establish a factual basis for the crime of attempted kidnapping. However, Bonior's version of the facts did not support all elements of the offense–in particular, asportation and specific intent. He claimed that he never pushed or held the victim's body, saying that he only tried to lift her coat and rub against her buttocks. However, the police report provided facts sufficient to find that Bonior had committed the necessary element of moving the victim. The judge proceeded to infer the necessary intent for attempted kidnapping, and both defense counsel and the prosecutor agreed that a factual basis had been provided.

---

[1]For a second offense, "[i]f the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, the court . . . may . . . sentence the person to imprisonment for a maximum term that is not more than 1-1/2 times the longest term prescribed for a first conviction of that offense . . . ." M.C.L. § 769.10.

The characteristics of Bonior's offense and his prior record gave him a guidelines range of 0-11 months of imprisonment. Under Michigan's indeterminate sentencing system, "[i]f the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines . . . is 18 months or less, the court shall impose an intermediate sanction[2] unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections." M.C.L. § 769.34(4)(a). Therefore, under his plea bargain, Bonior would normally be in a so-called "intermediate sanction cell," and absent a departure, he could reasonably expect probation.

On April 15, 2005, however, the trial court departed from the guidelines and sentenced Bonior to 24 to 90 months of incarceration. Bonior, who asserts before this court that he believed he would receive probation if he pled no contest, Pet'r's Br. 4, filed a motion to withdraw his plea or for re-sentencing. The trial court denied the motion.

Bonior then filed an application for leave to appeal in the Michigan Court of Appeals, but the court denied his application for lack of merit. He applied for leave to appeal the same claims to the Michigan Supreme Court, but the Court denied the application in a standard order. *People v. Bonior*, 480 Mich. 860 (2007). Subsequently, Bonior filed a motion for relief from judgment in the Michigan trial court, but it was denied under Mich. Ct. R. (MCR) 6.508. The Michigan Court of Appeals and the Michigan Supreme Court denied Bonior's applications for leave to appeal, both courts also citing his failure to comply with MCR 6.508(D).

---

[2]"'Intermediate sanction' means probation or any sanction, other than imprisonment in a state prison or state reformatory, that may lawfully be imposed." M.C.L. § 769.31(b).

Bonior then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan under 28 U.S.C. § 2254, presenting five claims: 1) ineffective assistance of his trial counsel in allowing Bonior to plead no contest to a crime he did not commit, and ineffective assistance of his appellate counsel for failing to raise either the constitutional violations or the ineffective assistance of his trial counsel; 2) violations of his Fifth and Fourteenth Amendment rights in being convicted of attempted kidnapping; 3) violations of his due process and Confrontation Clause rights in allowing police officers to testify at his sentencing; 4) violation of the Sixth Amendment based on being sentenced based on facts not proven to a jury; and 5) violation of the Fifth Amendment due process right based on mis-scoring of his offense variable. The district court denied the petition, granting a certificate of appealability on his first and second claims, but denying a certificate as to his other claims. Petitioner timely appealed.

## II

"This Court reviews a district court's denial of a writ of habeas corpus de novo." *Dando v. Yukins*, 461 F.3d 791, 795 (6th Cir. 2006). A district court's factual determinations are reviewed for clear error, "'except where the district court has made factual determinations based on its review of trial transcripts and other court records,'" in which case they are reviewed de novo. *Ibid.* (quoting *Mackey v. Russell*, 148 F. App'x 355, 359 (6th Cir. 2005)). We review de novo a claim of ineffective assistance of counsel, which presents a mixed question of law and fact. *Lott v. Coyle*, 261 F.3d 594, 606 (6th Cir. 2001).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court cannot grant a writ of habeas corpus with respect to any claim adjudicated on the merits unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). However, this standard does not apply where the state court did not address the merits of a petitioner's claim that is properly raised in a federal habeas petition. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003). Such questions would be reviewed de novo. *Ibid.*

*Fifth and Fourteenth Amendment violations*

The substance of Petitioner's Fifth and Fourteenth Amendment claim is that there was an insufficient factual basis to support his plea to attempted kidnapping–in other words, the trial court's decision that the "square peg actually fit in the round hole" was a constitutional violation. Pet'r's Br. 37. We have held that "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea," *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975), and more recently noted that "[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes," *United States v. Tunning*, 69 F.3d 107 (6th Cir. 1995). Therefore, to the extent Bonior claims an insufficient factual basis for the plea, that claim is not cognizable in federal habeas. Rather, it should be raised–and, indeed, was raised–in a state appellate proceeding.

Bonior also claims that his plea was not voluntary, knowing, and intelligent. This argument is legally cognizable, since a guilty or no contest plea would be constitutionally infirm if not given voluntarily. *See Boykin v. Alabama*, 395 U.S. 238 (1969). A review of the plea colloquy, however, shows no evidence to support Petitioner's argument. Thirteen pages of the transcript are devoted to ensuring that the Petitioner understood his constitutional rights and the implications of pleading no contest. The trial court asked Bonior well over thirty questions relating to his understanding of his rights, his representation by counsel, whether he was on any medications, and many other questions designed to test the voluntariness of the plea. Bonior answered all of them in a manner that indicated he fully understood his rights and the consequences of his plea.

Petitioner also appears to argue that his plea was involuntary because he did not understand the nature of the charges against him. *See Bousley v. United States*, 523 U.S. 614, 618 (1998) ("We have long held that a plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.") (internal quotation omitted). However, in *Bousley*, the Court determined a constitutional violation where *no one* in the proceeding understood the true nature of the charges. In contrast, it is clear from the record here that the trial court, the prosecutor, and defense counsel all understood that attempted kidnapping involved asportation and a specific intent. These elements were discussed at great length during the plea colloquy at which Petitioner was present. Moreover, attempted kidnapping is simply not a crime that requires sophisticated legal skill to understand. The argument that Petitioner was not aware of the basic elements of the crime to which he was pleading lacks merit.

*Ineffective Assistance of Trial Counsel*

Bonior also asserts that his trial counsel was ineffective because he permitted Bonior to plead no contest to a crime he did not commit.[3] In order to succeed on an ineffective assistance of counsel claim, a petitioner must satisfy a two-part test: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has held that the *Strickland* test applies to claims that counsel was ineffective during plea bargaining. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). An attorney will not be considered ineffective unless his advice "was not within the range of competence demanded of attorneys in criminal cases." *Ibid.* (internal quotation omitted).

This claim also lacks merit because Bonior cannot make the required showing that his attorney's conduct was deficient. In light of all the possible alternatives, pleading guilty to the crime of attempted kidnapping was a reasonable trial strategy. Bonior was initially charged with two counts of attempted kidnapping and one count of carrying a concealed weapon–three five-year felonies. There was evidence from statements in the police report that Bonior had been more physical with the victim than he admitted before the judge, and defense counsel may reasonably have feared that Bonior could have been convicted on these initial charges. Furthermore, the evidence that

---

[3]In his brief, Petitioner also asserts that his trial counsel provided ineffective assistance by failing "to raise the violations of the U.S. Constitution with regard to sentencing." Pet'r's Br. 31. However, this was not part of the issue certified for appeal and, in any case, Petitioner does not explain the claim after asserting it in a subheading.

he committed the crime of attempted criminal sexual conduct in the second degree was undisputed.

Immediately after being caught, Bonior admitted to attempting to make sexual contact with the young

victim. Had he gone to trial, he would have been liable for at least that five-year felony. There may

also have been evidence sufficient to support a conviction of criminal sexual conduct in the second

degree[4]–a felony punishable by up to fifteen years in prison. By comparison, his maximum sentence

under the plea deal was only seven-and-a-half years, and he would have received far less if not for

the judge's departure from the guidelines. In hindsight, it is possible that Bonior's sentence would

have been lighter had he gone to trial. However, as the Supreme Court noted, "[a] fair assessment

of attorney performance requires that every effort be made to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Counsel's advice to

take the plea bargain was reasonable at the time it was offered. This claim therefore lacks merit.

*Ineffective Assistance of Appellate Counsel*

Finally, Bonior argues that his appellate counsel was ineffective for failing to raise the

aforementioned constitutional arguments. We have recognized that appellate counsel cannot be

ineffective for failing to raise a claim that lacks merit. *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir.

---

[4]Bonior stated that he was "actually unable to" make sexual contact with the victim, but a jury could have believed otherwise. For example, the victim might have testified to the contrary. The police report noted her statement that "[Bonior] tried to grab her and *was touching her* in a bad way." (emphasis added). Bonior and his counsel could reasonably have feared that rejecting the plea bargain would mean doubling the maximum liability.

2003). Because we have rejected all of Bonior's constitutional claims as meritless, we must conclude that his appellate counsel was not ineffective for failing to raise them.

Accordingly, the district court did not err in declining to grant a writ of habeas corpus and its decision is AFFIRMED.