Opinion by Judge ADELMAN; Concurrence by Judge SILVERMAN; Dissent by Judge TASHIMA.
OPINION
ADELMAN, District Judge:
Petitioner-Appellant Derrick Loftis seeks a writ of habeas corpus challenging his California conviction of second degree murder. The district court denied the petition, but we issued a certificate of appeal-ability regarding whether there was a sufficient factual basis to support Loftis’s no contest plea and whether his plea was knowing and voluntary. We now affirm.
I. FACTS AND BACKGROUND
The pertinent facts, as set forth in the state appellate court’s opinion, are as follows:
On February 27, 2004, [Loftis] and Richard Banuelos received a telephone call from 15-year-old Celena V. She informed them she wanted to buy an eight-ball of crystal methamphetamine. They went to pick her up and she got into the vehicle. They drove to the Holiday Lodge, where defendant kept his bag of methamphetamine. [Loftis] and Celena were in a room alone. Celena bought the methamphetamine from defendant for $100, then she smoked and snorted some of it. [Loftis] also consumed some with her. [Loftis] and Celena had been in the room for about 45 minutes when Celena began to “get ‘crazy’ by freaking out, getting hot and shaking.” Banuelos called and asked [Loftis] if they were ready to go. Ban-uelos arrived and the three of them left together. They went to [Loftis’s] residence and Banuelos gave Celena some milk.
Leslie Saiz arrived at the residence. [Loftis] wanted to go to the Palace casino to look for his girlfriend. Although Celena had not improved, [Loftis] did not take her to the hospital just down the street because “it never crossed his mind.” Instead, the four of them got in the vehicle and drove toward the Palace. [Loftis] noticed Celena was not breathing. He shook her and told the others he wanted to take her to the hospital, but Saiz said [“N]o, ... she was [dead.”] They had decided not to seek medical care because they feared going to jail. They stopped on a gravel road and Saiz and Banuelos took Celena out of the car, laid her on the ground and covered her with tumbleweeds. [Loftis] did not get out because he was feeling too sick to move. They drove on to the Palace to meet [Loftis’s] girlfriend.
Once at the Palace, [Loftis] played slot machines and met up with his girlfriend. They went home and [Loftis] was sick the whole day and night. [Loftis] *647 thought the methamphetamine must have been bad since he also got sick. The following night, Celena’s parents filed a missing person report. About a month later, Celena’s body was found and a few days after that [Loftis] was interviewed. He first denied any involvement in Celena’s death, then stated she had overdosed. He then gave the preceding account.
People v. Loftis, No. F050676, 2007 WL 1248492, at *1 (Cal.Ct.App. May 1, 2007).
Initially charged with murder in the death of Celina V., along with four other counts, Loftis later agreed to plead no contest to second degree murder in exchange for dismissal of the other charges. The state trial court conducted a thorough plea colloquy, ensuring that Loftis understood the nature of the charges, the penalties he faced and the rights he was relinquishing. The following exchange then occurred:
“THE COURT: Factual basis.
“[DEFENSE COUNSEL]: Your Hon- or, pursuant to People versus West [ (1970) 3 Cal.3d 595, 91 Cal.Rptr. 385, 477 P.2d 409, defendant] is entering this plea to avoid the possibility of being convicted of first degree murder.
“THE COURT: Is that correct, [Prosecutor]?
“[PROSECUTOR]: That is correct, it’s People versus West.
“THE COURT: Okay. The Court will accept, will be willing to accept it pursuant to People versus West.
Id. at *3. The trial court then verified that Loftis understood his no contest plea and accepted it. At no point did Loftis proclaim his innocence or otherwise protest. The trial court later sentenced Loftis to 15 years to life in prison.
Loftis appealed, arguing that the trial court failed to establish a factual basis for his no contest plea. Specifically, he argued that the record failed to present such a basis because there was no evidence that he intended to kill Celena and no evidence that he engaged in an inherently dangerous felony when he sold the methamphetamine to Celena. The state appellate court agreed that a factual basis was necessary as a matter of California law but found that any error was harmless because the record contained facts supporting a finding that Loftis knew that his failure to seek medical care for Celena placed her life in danger and, therefore, constituted “implied malice murder” under California law. The California Supreme Court denied Loftis’s petition for review.
II. DISCUSSION
It is axiomatic that habeas relief lies only for violations of the Constitution, laws, or treaties of the United States; errors of state law will not suffice. E.g., Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Consequently, we must determine whether Lof-tis’s factual basis claim raises a federal constitutional issue.
The Constitution requires that a plea be knowing, intelligent, and voluntary. E.g., Boykin v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record must show that the defendant voluntarily relinquished his privilege against self-incrimination, his right to trial by jury and his right to confront his accusers, e.g., United States v. Escamilla-Rojas, 640 F.3d 1055, 1062 (9th Cir.2011), cert. denied, — U.S.-, 133 S.Ct. 101, 184 L.Ed.2d 47 (2012), and that he understood the nature of the charges and the consequences of his plea, e.g., Tanner v. McDaniel, 493 F.3d 1135, 1146-47 (9th Cir.2007); Little v. Crawford, 449 F.3d 1075, 1080 (9th Cir.2006).
*648 Beyond these essentials, the Constitution “does not impose strict requirements on the mechanics of plea proceedings.” Escamilla-Rojas, 640 F.3d at 1062 (citing Brady v. United States, 397 U.S. 742, 747 n. 4, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). While Fed.R.Crim.P. 11 and its state analogs require additional safeguards, violations of such rules do not ordinarily render a plea constitutionally infirm and thus vulnerable to collateral attack. See, e.g., United States v. Timmreck, 441 U.S. 780, 783-84, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); see also Estelle, 502 U.S. at 68 n. 2, 112 S.Ct. 475.
Among the requirements imposed on trial judges by rule — but not the Constitution — is the finding of a factual basis. See, e.g., Higgason v. Clark, 984 F.2d 203, 208 (7th Cir.1993) (“Putting a factual basis for the plea on the record has become familiar as a result of statutes and rules, not as a result of constitutional compulsion.”). Accordingly, habeas courts have held that, unless a plea is accompanied by protestations of innocence or other “special circumstances,” the Constitution does not require state judges to find a factual basis. E.g., Rodriguez v. Ricketts, 111 F.2d 527, 528 (9th Cir.1985); see also Meyers v. Gillis, 93 F.3d 1147, 1151 (3d Cir.1996) (“Put simply, the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas corpus relief under 28 U.S.C. § 2254.”). Cf. Willett v. State of Ga., 608 F.2d 538, 540 (5th Cir.1979) (holding that under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), “when a defendant pleads guilty while claiming his or her innocence, the court commits constitutional error in accepting the plea unless the plea is shown to have a factual basis”).
Loftis cannot obtain habeas relief because the state trial court’s failure to find a factual basis for his no contest plea — unaccompanied by protestations of innocence — does not present a constitutional issue cognizable under 28 U.S.C. § 2254. See, e.g., Bonior v. Conerly, 416 Fed.Appx. 475, 476 (6th Cir.2010) (holding that a prisoner’s claim that there was an insufficient factual basis to support his no contest plea to lesser charges was not cognizable in federal habeas corpus); Green v. Koerner, 312 Fed.Appx. 105, 108 (10th Cir.2009) (holding that a prisoner’s claim that the state court lacked a factual basis to support a no contest plea did not, by itself, present a basis to invalidate her plea in a federal habeas corpus action); Foote v. Ward, 207 Fed.Appx. 927, 930 (10th Cir.2006) (holding that only if the defendant claims innocence does he obtain the added protection of Alford); Kirk v. Cline, No. 09-3187-WEB, 2011 WL 5597362, at *8 (D.Kan. Nov. 17, 2011) (collecting cases and noting that the “due process clause does not require more of a factual basis or other more stringent standards for a no contest plea than a guilty plea”); see also Post v. Bradshaw, 621 F.3d 406, 426-27 (6th Cir.2010) (noting that failure to find a factual basis for a no contest plea would be a violation only of state law, not cognizable in habeas), cert. denied, -U.S.-, 131 S.Ct. 2902, 179 L.Ed.2d 1249 (2011). It is therefore unnecessary to decide whether the state appellate court unreasonably determined that the record supplied an adequate factual basis for Loftis’s plea.
Our cases have not endorsed the proposition that a factual basis is required for a no contest plea even when considering claims raised under Rule 11 on direct ap *649 peal. See United States v. Mancinas-Flores, 588 F.3d 677, 681 (9th Cir.2009) (“The factual basis requirement does not apply to nolo pleas. See Fed.R.Crim.P. 11(b)(3). This is so because a defendant pleading nolo contendere takes no position on whether he committed the elements of the offense, and the court therefore has no reason to examine whether, in fact, he did.”); see also Alford, 400 U.S. at 36 n. 8, 91 S.Ct. 160 (noting that while a court may not under Rule 11 accept a guilty plea absent a factual basis, “there is no similar requirement for pleas of nolo contendere, since it was thought desirable to permit defendants to plead nolo without making any inquiry into their actual guilt”). No one suggests that Rule 11(b)(3), which requires a factual basis for guilty pleas — but not no contest pleas — is unconstitutional.
Judges Tashima and Silverman contend that Loftis’s citation to People v. West, 3 Cal.3d 595, 91 Cal.Rptr. 385, 477 P.2d 409 (1970) in connection with his no contest plea was sufficient to trigger Alford’s factual basis requirement. It is true that we have previously said in dicta that West “is the California equivalent of an Alford plea.” Doe v. Woodford, 508 F.3d 563, 566 (9th Cir.2007); see also Roe v. Flores-Ortega, 528 U.S. 470, 473, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (“The plea was entered pursuant to a California rule permitting a defendant both to deny committing a crime and to admit that there is sufficient evidence to convict him. See People v. West, 3 Cal.3d 595, 91 Cal.Rptr. 385, 477 P.2d 409 (1970).”). However, the defendant in Doe pleaded guilty, 508 F.3d at 565, rather than no contest, and his primary complaint was that his plea was involuntary because he lacked sufficient time to decide, id. at 569-72. We did not discuss the sufficiency of the factual basis or any protestations of innocence.
In the present case, Loftis entered a plea of no contest not a traditional Alford plea (i.e., a plea of guilty by one who continues to claim innocence). See Mancinas-Flores, 588 F.3d at 681 (“An Alford plea differs from a nolo plea in that a defendant pleading nolo contendere takes no position on guilt or innocence, whereas a defendant entering an Alford plea takes the position that he is not guilty.”); Ste-phanos Bibas, Harmonizing Substantive-Criminal-Law Values and Criminal Procedure: the Case of Alford and Nolo Contendere Pleas, 88 Cornell L. Rev. 1361, 1373 (2003) (“[D]efendants who plead nolo contendere simply refuse to admit guilt, while defendants making Alford pleas affirmatively protest their innocence.”). As Judge Tashima acknowledges, Alford permits the court to accept a defendant’s nolo contendere plea and treat him as if he were guilty, without inquiry into his actual guilt. See 400 U.S. at 36 & n. 8, 91 S.Ct. 160.
Analysis of Alford, West and California and Ninth Circuit cases makes clear that the citation to West during Loftis’s plea colloquy did not transform Loftis’s no contest plea into an Alford plea. The issue before the Supreme Court in Alford was whether a guilty plea from a person who claimed innocence should be accepted. The Court noted its previous decisions holding that trial courts “may impose a prison sentence after accepting a plea of nolo contendere, a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.” 400 U.S. at 35, 91 S.Ct. 160. The Court stated that:
These cases would be directly in point if Alford had simply, insisted on his plea but refused to admit the crime. The fact that his plea was denominated a plea of guilty rather than a plea of nolo *650 contendere is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law. Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.
Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. Here the State had a strong case of first-degree murder against Alford. Whether he realized or disbelieved his guilt, he insisted on his plea because in his view he had absolutely nothing to gain by a trial and much to gain by pleading. Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired. Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term. When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford’s clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.
Id. at 37-38, 91 S.Ct. 160 (internal citations and footnote omitted).
While Alford did not explicitly hold that a factual basis was constitutionally necessary, lower federal courts have drawn from the above language the requirement that if a defendant pleads guilty while claiming innocence the trial court must find a factual basis. See, e.g., Willett, 608 F.2d at 540. But cf. Higgason, 984 F.2d at 207 (“Alford tells us that strong evidence on the record can show that a plea is voluntary; it does not hold that only strong evidence on the record permits a finding of volun-tariness. And it certainly does not imply that the factual-basis requirement of Fed. R.Crim.P. 11(f) and its state-law counterparts comes from the Constitution.”). This requirement is based on the concern that a defendant who pleads guilty while simultaneously claiming innocence may not be acting freely and voluntarily. See Willett, 608 F.2d at 540 (noting the “ ‘importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice’ ”) (quoting Alford, 400 U.S. at 38 n. 10, 91 S.Ct. 160). By finding a factual basis, the trial judge resolves the conflict between the waiver of trial and the claim of innocence. See id. When a defendant pleads guilty or no contest without claiming innocence or otherwise making statements calling into question the voluntariness of his plea, however, there is no such conflict for the trial judge to resolve, and the finding of a factual basis is not essential to voluntariness. In the present case, Loftis made no state- *651 merits triggering the concerns raised in Alford.
Nor can a bare reference to People v. West, such as occurred during the plea colloquy here, carry with it an implied assertion of innocence, activating the additional protections of Alford. “West did not actually involve a claim of innocence but addressed the validity of a plea to an uncharged lesser offense entered pursuant to a plea bargain.” People v. Rauen, 201 Cal.App.4th 421, 133 Cal.Rptr.3d 732, 734 n. 1 (2011);[1] see also In re Alvernaz, 2 Cal.4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747, 752 (1992) (characterizing a West plea as “a plea of nolo contendere, not admitting a factual basis for the plea”). West approved the practice of plea bargaining to a lesser charge in order to avoid exposure to greater penalties. In this sense, West resembles Alford because the motive in Alford was also to avoid more serious penalties. But West’s focus was on validating the practice of plea bargaining generally. The decision relied in part on Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), in which the Supreme Court approved a plea to a lesser charge motivated by the desire to avoid a higher penalty, but West never even mentioned Alford, which had come down a few weeks previous. Thus, West is more an analog of Brady than of Alford.
While some California cases casually refer to West and Alford pleas interchangeably, others draw a distinction. See, e.g., In re Mills, No. C066648, 2011 WL 4005394, at *4 (CaLApp. 3 Dist. Sept. 9, 2011) (“The superior court correctly found Mills entered his plea on the mistaken belief that a West plea allowed him to maintain his innocence; West did not involve a claim of innocence but instead addressed the validity of a plea to an uncharged lesser offense entered pursuant to a plea bargain.”); People v. Wampler, No. C060649, 2010 WL 1435040, at *2 n. 2 (Cal.App. 3 Dist. Apr. 12, 2010) (noting that while pleas in which the defendant continues to maintain innocence are sometimes referred to as West pleas, they are really Alford pleas). Judge Tashima correctly notes that these decisions are non-precedential. They do, however, indicate that California law does not clearly equate West and Alford such that as a federal habeas court we should extend the additional protections oí Alford to any case in which West is mentioned during the plea colloquy. In any event, as discussed in note 1 above, the validity of a plea under the Constitution does not turn on how it is formally categorized under state law. Alford, 400 U.S. at 37, 91 S.Ct. 160. Thus, it is also irrelevant that under California law nolo pleas are treated like guilty pleas. See CaLPenal Code § 1016(3).
Judge Tashima argues that even if a West plea is not equivalent to a claim of innocence, it at least qualifies as a “special circumstance.” Rodriguez, 111 F.2d at 528. However, the only special circumstance we identified in Rodriguez was “a defendant’s specific protestation of innocence, which might impose on a state court the constitutional duty to make inquiry *652 and to determine if there is a factual basis for the plea.” Id. Similarly, Banks v. McGougan, 717 F.2d 186, 188 (5th Cir.1983), the case upon which Rodriguez primarily relied, spoke of a situation in which “the state judge is put on notice that there may be some need for such an inquiry (as, for example, when the accused asserts his innocence).” We have found no case in which a federal habeas court has extended the factual basis rule of Alford to a situation such as in the present case where the defendant pleaded no contest without asserting innocence or making other statements about the facts which called the validity of his plea into question.
Finally, Judge Tashima contends that United States v. Vidal, 504 F.3d 1072 (9th Cir.2007), supports the proposition that a defendant who pleads pursuant to People v. West contests factual guilt. In Vidal, we considered on direct appeal whether a defendant’s California conviction for driving a stolen vehicle qualified as an aggravated felony, supporting an 8-level sentencing guideline enhancement under U.S.S.G. § 2L1.2(b)(l)(C). The defendant pled guilty in exchange for the dismissal of another count, and the description of the facts supporting the charge in his plea form stated only “People v. West.” Id. at 1075. We held first that because the California statute at issue also applied to accessories after the fact it did not categorically describe a “generic” theft offense. Id. at 1077-86. We then concluded that under the modified categorical approach the record did not permit a finding that the defendant pled guilty to generic theft, as the plea form contained no factual basis permitting such a finding. Id. at 1088-89. In so holding, we discussed West pleas and noted that the “California Supreme Court subsequently characterized a People v. West plea as a plea of nolo contendere that does not establish factual guilt.” Id. at 1089. Thus, we said that “unless the record of the plea proceeding reflects that the defendant admitted to facts, a West plea, without more, does not establish the requisite factual predicate to support a sentence enhancement.” Id.
We did not hold in Vidal that West pleas are the same as Alford pleas or that a factual basis is constitutionally required for a valid West plea. We held only that without a factual basis permitting a determination of whether the prior conviction qualified as an aggravated felony, the sentencing guideline enhancement could not be applied. Thus, Vidal therefore cannot bear the weight Judge Tashima places upon it.[2]
III. CONCLUSION
Because Loftis did not enter an Alford plea, the state court was under no obligation, under the federal Constitution, to find a factual basis. Loftis provides no other reason to find his plea unknowing or involuntary. Accordingly, he is not entitled to habeas relief.
AFFIRMED.

. Judge Tashima notes that Rauen also said a West plea "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence.” Id. at 734. That a West plea allows a defendant to plead guilty while asserting innocence does not change the fact that Loftis pleaded no contest without ever making such an assertion. Further, as Alford noted, the Constitution is concerned with the practical consequences of the defendant's plea, not the manner in which it may be formally categorized under state law. 400 U.S. at 37, 91 S.Ct. 160. In other words, we should focus on whether Loftis’s plea raised the concerns identified in Alford not the label California courts might place upon it

. United States v. Savage, 542 F.3d 959 (2d Cir.2008), which Judge Tashima also cites, is similarly distinguishable. In Savage, the court declined to impose a sentence enhancement under the modified categorical approach because the defendant’s Alford plea did not establish the requisite facts.