**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS LEON, | No. 13-55705 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-02219-LAB-WMC |
| v. | |
| MATTHEW CATE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted September 1, 2015
Pasadena, California

Before:  GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Jose Leon appeals from the district court's judgment denying his 28 U.S.C.

§ 2254 habeas corpus petition.  Reviewing the district court's denial of the petition

de novo, *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.**  Leon contends that his Fourteenth Amendment due process rights were violated because the state trial court failed to follow California law in accepting the jury's verdict and denying his motion for new trial.  *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).  To the extent Leon argues that the trial court accepted a less-than-unanimous verdict against him on the gang enhancement, contrary to California law, he is mistaken.  The jury returned a verdict, the clerk read it in open court, the jury collectively affirmed it without dissent, and it was recorded.  Under California law, the validity of the verdict was not subject to attack at that point unless Leon established that the jury committed prior misconduct in reaching the verdict.  *See* Cal. Penal Code § 1181; *People v. Bento*, 76 Cal. Rptr. 2d 412, 418–20 (Ct. App. 1998); *People v. Peavey*, 178 Cal. Rptr. 520, 522–23 (Ct. App. 1981).

**2.**  Leon contends that he established jury misconduct because the jury failed to deliberate on the gang enhancement.  The state trial court found, however, that there was no "reason in law or fact" for it to grant Leon's motion for new trial on the basis of jury misconduct.  That determination was not unreasonable in light of the record before the state court.  *See* 28 U.S.C. § 2254(d)(2).  Although Juror No. 12 stated in open court that the jury had not deliberated on the gang enhancement against Leon, his or her statements were unsworn, somewhat equivocal, and

inconsistent with more extensive evidence that the jury *had* deliberated and agreed on the gang enhancement. That evidence included (1) the jury's collective affirmation of the verdict, including the gang enhancement, before it was recorded; (2) all eleven remaining jurors'—including Juror No. 12's—individual affirmation of the verdict, including the gang enhancement, in the first round of polling after the verdict was recorded; and (3) the ten other remaining jurors' continued individual affirmation of the verdict in the second round of polling, notwithstanding Juror No. 12's statements. The state courts reasonably concluded from this record that the jury had deliberated and reached a unanimous verdict on the gang enhancement. Because Leon failed to establish that the jury had engaged in misconduct, the denial of his motion for a new trial did not violate his right to due process.

**3.** Leon's motion to expand the certificate of appealability is denied. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

*Leon v. Cate*, No. 13-55705
**Rawlinson, Circuit Judge, concurring in the judgment.**

I concur in the ruling affirming the denial of habeas relief. I write separately because I do not rely on California law to support affirmance of the district court's decision.

On habeas review, compliance with state law is not determinative of the outcome. Indeed, if the state court failed to comply with California law, such failure would not justify habeas relief. *See Loftis v. Almager*, 704 F.3d 645, 647 (9th Cir. 2012) (citation omitted). ("It is axiomatic that habeas relief lies only for violations of the Constitution, laws, or treaties of the United States; errors of state law will not suffice. . . .") (citation omitted); *see also Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (The issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point. . . .) (citation omitted).

In assessing a due process claim under the Antiterrorism and Effective Death Penalty Act of 1996, we evaluate whether the challenged state court decision was so fundamentally flawed that the petitioner was deprived of a fair trial under clearly established federal law. *See Holley*, 568 F.3d 1091 at 1101 (explaining that habeas relief is warranted when constitutional errors have rendered a trial

1

fundamentally unfair under "clearly established Federal law . . .") (quoting 28 U.S.C. § 2254(d).

Petitioner's due process claim was predicated on his assertion that the jury failed to deliberate regarding the gang enhancement. However, as noted by the majority, after questioning members of the jury, the trial court determined that the jury did deliberate regarding the gang enhancement. This finding was not an unreasonable determination of fact, no due process violation/fundamental unfairness occurred, and habeas relief is unavailable on these facts. *See* 28 U.S.C. § 2254(d)(2) (precluding habeas relief absent "an unreasonable determination of the facts" by a state court); *see also Holley*, 568 F.3d at 1101 (precluding habeas relief absent fundamental unfairness resulting in a lack of due process). I would deny habeas relief on this basis.