NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTURO BELTRAN,

                Petitioner-Appellant,

  v.

CRAIG KOENIG, Acting Warden,

                Respondent-Appellee.

No.   18-55528

D.C. No.
2:13-cv-01624-JLS-LAL

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Louise A. Lamothe, Magistrate Judge, Presiding

Submitted August 10, 2020**
Pasadena, California

Before:  CALLAHAN and BUMATAY, Circuit Judges, and M. WATSON,*** District Judge.

Petitioner Arturo Beltran appeals the district court's denial of his habeas

petition under 28 U.S.C. § 2254, contending that the state court magistrate judge's

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    \*\*\*   The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

rejection of his plea agreement violated the Fourteenth Amendment's Due Process Clause.

The California state court magistrate judge rejected Petitioner's waiver of rights form, which Petitioner had signed pursuant to a proposed 24-year plea agreement, after Petitioner stated on the record that he did not understand all the "constitutional rights and consequences" in the waiver. The state court magistrate judge also denied Petitioner's counsel's requests for additional time, and his request to renew the motion to change his plea. Petitioner later entered a not-guilty plea and proceeded to trial where he testified on his own behalf. The state court trial judge sentenced Petitioner to 130 years to life in state prison.

On direct appeal, the California Court of Appeals denied Petitioner's Due Process claim, finding it to be procedurally defaulted under California law. It further found that Petitioner did not establish that the magistrate judge's rejection of the plea agreement caused prejudice, as defined by the California Supreme Court. The California Supreme Court denied review of the petition on September 19, 2012.

On March 7, 2013, Petitioner filed a federal habeas petition in the Central District of California, which he later amended. On August 22, 2017, the federal magistrate judge issued a report and recommendation ("R&R") recommending that the habeas petition be denied. The district court judge adopted the R&R on March

6, 2018. This court granted a certificate of appealability on the issue of "whether appellant was deprived of due process when the [state] trial court refused to accept appellant's plea, including whether this claim is procedurally defaulted."

This court reviews de novo a district court's denial of a petition for habeas corpus. *Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016). "We may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale." *Lambert v. Blodgett*, 393 F.3d. 943, 965 (9th Cir. 2004). Petitioner asserts that the district court improperly applied 28 U.S.C. § 2254(d) to the merits of his Due Process claim. He further contends that the California Court of Appeal's finding of procedural default does not bar habeas relief because it was not a "clear, consistently applied, and well-established" procedural rule. *See Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009). We need not decide these issues, however, because Petitioner's claim is not cognizable in habeas.

Petitioner has failed to assert a federal constitutional violation. "It is axiomatic that habeas relief lies only for violations of the Constitution, laws, or treaties of the United States . . . ." *Loftis v. Almager*, 704 F.3d 645, 647 (9th Cir. 2012). The analysis for a Due Process violation generally proceeds in two steps: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the state

were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citation omitted); *see also Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995) ("A due process claim is cognizable only if there is a recognized liberty or property interest at stake.").

The Supreme Court has held that "there is no constitutional right to [a] plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *see Missouri v. Frye*, 566 U.S. 134, 148–49 (2012) ("[A] defendant has no right to be offered a plea . . . nor a federal right that the judge accept it." (internal citations omitted)). Because there is no constitutional right to having one's plea agreement accepted, Petitioner has failed to present a constitutional issue cognizable for habeas review. *See Loftis*, 704 F.3d at 648 (finding the petitioner could not obtain habeas relief because the state court's failure to follow procedural rules did "not present a constitutional issue cognizable under 28 U.S.C. § 2254").

**AFFIRMED**.