Filed 2/2/26  P. v. Bland CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSHUA DAVIS BLAND, <br><br> Defendant and Appellant. | F088843 <br><br> (Super. Ct. No. 20CM-1737) <br><br><br> **OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kings County.  Marianne Gilbert, Judge.

Joshua Davis Bland, in pro. per.; and Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Detjen, J. and Snauffer, J.

Appointed counsel for defendant Joshua Davis Bland asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal. We then offered defendant the opportunity to present his own brief by way of a letter. Defendant submitted a letter brief raising a number of issues. Following our complete review of the record on appeal and the separate issues raised by defendant, we affirm the judgment.

## PROCEDURAL BACKGROUND

The District Attorney of Kings County filed a complaint on April 1, 2020, charging defendant with battery on a non-confined person (Pen. Code, § 4501.5;[1] count 1), and alleging he had been convicted of prior strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). At defendant's arraignment, he requested to represent himself, but the trial court denied the request when defendant refused to agree to abide by court rules and procedures. Defense counsel filed approximately four discovery motions pursuant to section 1043 (also known as a *Pitchess*[2] motions). The trial court partially granted one motion on September 22, 2021, denied the second motion without prejudice on December 8, 2021, but partially granted the third motion on June 23, 2023. Defense counsel also filed two motions for an intra-facility transfer of defendant, both of which the trial court denied.

The trial court granted defendant's second request to represent himself on January 30, 2024. Defendant filed a jurisdictional challenge to the proceedings and argued that he was a sovereign citizen[3] and had not consented to the authority of the state.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[3]    "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." (*United States v. Weast* (5th Cir. 2016) 811 F.3d 743, 746, fn. 5.) The sovereign

2.

The trial court denied the motion on March 21, 2024, and found that each sovereign nation has jurisdiction of offenses committed within its territory and defendant is a person within the meaning of section 4501.5.

On August 14, 2024, the trial court reaffirmed the denial of defendant's motion challenging jurisdiction and denied defendant's motion to compel. Prior to commencement of the preliminary hearing, defendant revoked his right to represent himself and accepted the assistance of counsel. Defendant then received and considered an offer by the prosecution to plead guilty in exchange for a one-year recommended sentence. Defendant executed a change of plea form in which he agreed to plead no contest to count 1 and agreed that the only promises made to induce his plea was a stipulated sentence of one year (one-third the middle term) and that his prior strike convictions would be stricken. The plea form further acknowledged that defendant had not been threatened, his judgment was not impaired, and he understood a plea of no contest was the same as a guilty plea for all purposes. Defendant's form also included an acknowledgement of the constitutional rights he would be giving up by pleading no contest to the offense, as well as his statutory right to a preliminary hearing and the consequences of his plea, including receipt of the maximum penalty, fines, and restitution. The form also provided that defendant admitted he acted as described on the record and as stated in the police reports.

Defense counsel notified the court that defendant wanted to "enter a *West* plea" to "take advantage of the bargain in this case and take that offer." (Italics added.) The court replied, "That's no problem. We'll make sure it's a *People* [*v.*] *West*[4] Plea." (Italics added.) When the court addressed defendant, it stated, "And as I look at this plea form, it

---

citizen defense has " 'no conceivable validity in American law.' " (*United States v. Jonassen* (7th Cir. 2014) 759 F.3d 653, 657, fn. 2.)

[4]     *People v. West* (1970) 3 Cal.3d 595.

indicates you'll be pleading no contest, pursuant to *People* [*v.*] *West*, to count 1." (Italics added.)

In response to questioning by the trial court, defendant acknowledged he had enough time to consult with counsel, understood he was pleading no contest to a sentence of one year (representing one-third the middle term), and understood the prosecution agreed to strike the prior conviction allegations. Defendant understood and gave up his rights to a preliminary hearing, to a trial, to confront witnesses, to present a defense, and to remain silent. The court advised defendant of the consequences of his plea, including the penalty, fines, parole violations, and immigration, and ascertained from defendant that he was freely and voluntarily giving up his rights. The prosecutor read the factual basis for the plea as follows: "On or about November 26th, 2019, while instituting a guard one check, Officer Gamboa entered cell 48, which is solely occupied by [defendant]. Upon entering that cell [defendant] threw a state issued coffee cup at Officer Gamboa and, then, began to kick him in his shins and legs." The court then asked defense counsel, but not defendant, whether the factual basis conformed to the investigative reports he had reviewed, and defense counsel agreed that it did. Addressing defendant, the court asked, "[D]o you understand that by pleading no contest pursuant to *People* [*v.*] *West* that the Court—at the time of sentencing that plea is to be deemed a guilty plea for purposes of sentencing only?" (Italics added.) Defendant responded, "Yes." The court further explained, "*People* [*v.*] *West*, it's a case that allows people to plead no contest because they think it's in their—to their advantage to take advantage of a plea agreement because they don't want to take the risk of going to trial, which sounds exactly like what's happening in your case. Is that your understanding of what's happening?" Defendant responded affirmatively and then pleaded no contest.

The court found that defendant's plea was supported by a factual basis, he understood the nature of the charge and consequences of his plea, and that he freely and

voluntarily entered his plea after having been advised of and waiving his constitutional rights. The court accepted defendant's plea and found him guilty.

The trial court sentenced defendant on September 13, 2024. Prior to sentencing, defendant alerted the court that he wished to change his *West* plea to an *Alford*[5] plea. The court stated, "And, Mr. Bland, your request to change the title of your no contest plea, in California *People* [*v.*] *West* is the title of a no contest plea. That is a best interest analysis that when you enter your plea by *People* [*v.*] *West* you are entering your plea with the understanding that it's in your best interest not to go to trial and that you are not saying that there's a factual basis for the crime. An *Alford* plea is the same thing. It's used in other jurisdictions. In California we call it a *West* plea, but it's the same thing. It's a best interest analysis. So if you want the title of your plea to be a *West* plea or an *Alford* plea, in the Court's opinion, based on how you pled, they are the same thing and we can make that designation either or.· Is that what you would like?" Defendant responded affirmatively. The court ordered that the record would reflect defendant entered his plea pursuant to *People v. West* or *People v. Alford*.

Defendant then read a typed sentencing allocution statement that included he "may have broken the letter of your law, but in no way did I break the substance of the law" and "had not hurt nor damage nobody." He further stated that he "had attempted to assert my foreign sovereign immunity in this court, to no avail." After reading his written allocution statement into the record, the court stated that it would keep the parties' agreement pursuant to *People v. West* or *People v. Alford*, sentenced defendant to one year in prison to be served consecutive to his other convictions, reserved victim restitution, and ordered various restitution fines and assessments, which it then suspended after finding that defendant did not have an ability to pay them.

---

[5] *North Carolina v. Alford* (1970) 400 U.S. 25, 37–38

Defendant filed a timely notice of appeal on October 8, 2024, in which he indicates that he intends raise issues that, we note, were also included in his motion to dismiss for lack of jurisdiction and his sentencing allocution statement. The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

After defendant's counsel filed a *Wende* brief, defendant provided a nine-page letter with an attachment titled "DECLARATION OF SOVEREIGNTY." We have reviewed defendant's letter that includes a number of statements regarding foreign sovereignty, contracts, and corporations. Defendant appears to argue that the trial court lacked jurisdiction over his criminal action and that the trial court erred in advising him that a *West* plea was the same as an *Alford* plea.

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere … except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." A certificate of probable cause is a condition precedent to any appeal within the scope of section 1237.5. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098–1099; Cal. Rules of Court, rule 8.304(b)(1).) "The certificate functions as a notice of appeal in cases involving negotiated dispositions, which notices are of a 'fundamental jurisdictional nature.' " (*People v. Allison* (2019) 39 Cal.App.5th 688, 698, quoting *In re Chavez* (2003) 30 Cal.4th 643, 652.) Because defendant failed to obtain a certificate of probable cause, we lack jurisdiction to consider any issues affecting the validity of the plea, and defendant is consequently not entitled to *Wende* review for such issues.

Under section 1237.5, it is generally accepted that only two types of issues may be raised in an appeal following a plea of guilty or nolo contendere without the issuance of a

6.

certificate of probable cause: "(1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74.) " ' "By pleading guilty, a defendant admits the sufficiency of the evidence establishing the crime, and is therefore not entitled to a review on the merits. [Citations.] '[I]ssues which merely go to the guilt or innocence of a defendant are "removed from consideration" by entry of the plea.' " ' " (*People v. Moore* (2003) 105 Cal.App.4th 94, 99.) Defendant's argument that the trial court erroneously advised him that a *West* plea is the same as an *Alford* plea[6] appears legally significant only as to whether his plea was knowing and voluntary and, therefore, we lack jurisdiction to consider it.

Defendant raises an issue as to the trial court's jurisdiction to convict him. Section 681 provides: "No person can be punished for a public offense, except upon a legal conviction in a Court having jurisdiction thereof." Additionally, section 777 provides: "Every person is liable to punishment by the laws of this State, for a public offense committed by him therein, except where it is by law cognizable exclusively in the courts of the United States; and except as otherwise provided by law the jurisdiction of

---

[6] Our Supreme Court characterized a *West* plea as "a plea of nolo contendere, not admitting a factual basis for the plea." (*In re Alvernaz* (1992) 2 Cal.4th 924, 932; see *People v. Riddles* (2017) 9 Cal.App.5th 1248, 1250, fn. 1 [*West* plea "allows a defendant to plead guilty to a charge without admitting that he or she committed the crime alleged"].) *In People v. Rauen*, (2011) 201 Cal.App.4th 421, the court characterized a *West* plea as the same as the plea in *North Carolina v. Alford, supra*, 400 U.S. at pages 37–38 (an *Alford* plea) and described it as "allow[ing] a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*Id.* at p. 424.) However, in *Loftis v. Almager* (9th Cir. 2012) 704 F.3d 645, the court addressed Loftis's claim that his California plea was not knowing and voluntary because the trial court had failed to establish a factual basis for the plea, something constitutionally required by *Alford, supra*, 400 U.S. 25. In so doing, the court distinguished *West* as involving a no contest plea where the defendant refused to admit guilty and *Alford* as involving defendants who affirmatively protest their innocence. (*Id.* at p. 649.) Defendant notes this distinction but has not addressed its import.

every public offense is in any competent court within the jurisdictional territory of which it is committed." The California Constitution vests the judicial power of the state "in the Supreme Court, courts of appeal, and superior courts, all of which are courts of record." (Cal. Const., art. VI, § 1.) Superior courts have original jurisdiction in habeas corpus proceedings, proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition, and all other causes. (Cal. Const., art. VI, § 10.) Therefore, the superior court in this case had jurisdiction to punish defendant for violating section 4501.5.

We have examined the entire record and are satisfied that defendant's appellate counsel fully complied with his responsibilities and there are no arguable issues on appeal. (See *Wende, supra*, 25 Cal.3d at pp. 440–441.) Defendant was advised of his constitutional rights and the consequences of his plea before he entered it. The trial court found that his waiver of rights was knowing and intelligent, the plea was made freely and voluntarily, and there was a factual basis for the plea. The court sentenced defendant to the term agreed upon by the parties, and he was represented by counsel at the plea and sentencing proceedings.

Limiting our review to the sentence and post plea matters that do not affect the validity of the plea, we have reviewed the record and found no arguable error that would result in a disposition more favorable to defendant. (*Wende, supra*, 25 Cal.3d at p. 443.) Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.